**GORDON M. SKEOCH, Plaintiff**

**v.**

**EARLE B. OTTLEY, et al., Defendants**

Civil No. 100-1963

District Court of the Virgin Islands

Div. of St. Croix

January 4, 1968

YOUNG and ISHERWOOD, Christiansted, St. Croix, Virgin Islands (WARREN YOUNG, ESQ., of counsel), *for plaintiff*

BIRCH, MADURO, DEJONGH and FARRELLY, Charlotte Amalie, St. Thomas, Virgin Islands (JOHN L. MADURO, ESQ., of counsel); SHEA and GARDNER of Washington, D.C. (ALFRED L. SCANLAN, ESQ., of counsel), *for defendants*

GORDON, *District Judge*

## MEMORANDUM OPINION

This matter is before the Court on the motion of the defendants to tax costs incurred in the successful defense of the case both at trial and on appeal. Defendants' total cost bill amounts to $15,196.38. It is objected to by plaintiff insofar as the sum represents fees for "imported" counsel and fees incurred on the appeal of the case. The motion came on for hearing at the November, 1967, term of the Court in St. Croix. Both sides appeared by counsel who argued the matter and submitted briefs.

The plaintiff, Gordon M. Skeoch, appears by Young and Isherwood of St. Croix, Warren Young, Esq., of counsel. The defendants, Earle B. Ottley, et al., appear by Birch, Maduro, DeJongh, and Farrelly of St. Thomas, John L. Maduro, Esq., of counsel, and Shea and Gardner of Washington, D.C., Alfred L. Scanlan, Esq., of counsel.

## I

Plaintiff argues that 5 V.I.C. § 541, applies only to proceedings in the District and Municipal Courts of the Virgin Islands, and that the statute does not contemplate proceedings in the Circuit Court of Appeals. The Court does not find it necessary to determine this issue, as it is of the opinion that it is for the Circuit Court of Appeals to decide what costs it shall allow and that any petition for costs incurred on appeal should be addressed to that Court.

It is clear that in suits before the District Court, attorneys' fees are recoverable as an item of costs. Whether they are likewise recoverable for appeals in the Third Circuit would seem to depend upon the reading that Court would give to section 541, and to section 25 of the Revised Organic Act. While it does not appear that the Third Circuit has been presented with a petition for attorneys' fees as an item of costs, it does appear that the award of costs in this appeal was limited to the printing of the brief and appendix under the authority of 28 U.S.C. 1913, and Rule 54, of the Federal Rules of Civil Procedure.

It should be noted that this case was a local matter and as such was heard by the Court under local rules of practice. It is true that these rules are those promulgated for the United States Courts by the Supreme Court, but it is also true that in some matters, by virtue of Territorial Legislation, there are significant departures from the Federal Rules, one of the most prominent being the enactment

in question providing that attorneys' fees are recoverable as an item of costs. Only in exceptional circumstances is this the case under Federal Rule 54.

■■ But whether or not section 541 was meant to apply to matters taken to the Court of Appeals, and whether or not the Court of Appeals is bound in any way by this local rule seems to be a matter exclusively for that Court to determine. This is especially true in light of the Third Circuit's decision in Callwood v. Callwood, 233 F.2d 784, 3 V.I. § 579, holding that the Revised Organic Act makes the Federal Rules of Civil Procedure and not local rules applicable to appeals from the District Court of the Virgin Islands.

Assuming, *arguendo*, that section 541 was meant to apply to appeals, and that it does in fact apply to appeals of local matters to the Third Circuit, it would still seem that the Appellate Court would be the proper body to petition for costs incurred in representing clients before that Court. There is a close analogy in Federal civil anti-trust cases where attorneys' fees are specifically allowed as a part of the recovery. In these matters it appears to be the appellate court which has determined what is to be allowed as attorneys' fees for prosecuting or defending an appeal. (Twentieth Century Fox v. Goldwin, 328 F.2d 190, cert. den. 379 U.S. 880, award of $100,000, in counsel fees by trial court, additional award of $5,000 by appellate court; American Crystal Sugar Co. v. Manderville Island Farms, 195 F.2d 622, cert. den. 343 U.S. 957, award of $25,000 by trial court, additional award of $4,000 by appellate court.)

There is some authority for the proposition that a District Court does have the power to award appellate costs, although Schauffler v. United Association of Journeymen, 148 F.Supp. 704, aff'd., 246 F.2d 867, seems to turn on its special facts as a contempt proceeding brought by the National Labor Relations Board. And even in that case, the

trial judge expressed doubt about his powers to impose expenses arising from the handling of the case on appeal. Likewise, in Sprauge v. Ticonic, 307 U.S. 161, the Supreme Court in remanding ordered a District Court to entertain a petition for costs and fees incurred in the prosecution of an action in both the District and Appellate courts. The Supreme Court, however, did not discuss the question of the general authority of the District Court to award costs incurred on appeal.

But in the present case, the Court of Appeals has entered a judgment with respect to costs incurred before that Court. Although the matter of attorneys' fees was apparently not presented to them, it would still appear that the District Court is now without power to modify or supplement that judgment. Thus, in Globe Indemnity v. Puget Sound, 154 F.2d 249, 251, the Appellate Court held: "Our judgment . . . did not award appellate costs, and the district court was without power to modify our judgment by awarding items which we refused to award as appellate costs."

For the reasons stated, the Court feels that it is without authority to entertain any petition for attorneys' fees incurred in appeals to the United States Court of Appeals for the Third Circuit.

## II

Plaintiff objects to the taxation of costs of outside counsel "imported" by the defendants who were already capably represented by local counsel. He asserts that 5 V.I.C. § 541 was meant to include only one counsel's fees. While the Court feels that his point is well taken, it does not agree with him entirely.

██ There certainly are matters which call for the employment of more than one attorney to assist in the preparation and trial of a case. Likewise there are cases

involving complicated questions of law or fact, or demands for large judgments based on substantial injuries or claims where the use of outside counsel may be necessary and called for. A litigant should not as a matter of law be restricted to one local lawyer for whom compensation may be recovered under the statute. Nonetheless, section 541 provides for indemnification of a party; it is not a vehicle for punishing a losing litigant, nor is it a license for the unrestricted employment of legal resources with the aim of taxing the loser with every last dollar spent by the parties and their attorneys in the successful prosecution or defense of a case. In sum, 5 V.I.C. § 541 calls for this Court, in its just discretion, to make a reasonable award under the facts and circumstances of a particular case.

■ Under the facts and circumstances of this case, considering the issues, the damages sought by plaintiff, the degree of preparation necessary by the prevailing defendants, the length of the trial, the standing of counsel, and the various post-trial motions, the Court is of the opinion that $3,500 is ample by way of indemnification to the parties for the attorneys' fees they have incurred in the trial of the case before this Court.

Let judgment be entered accordingly.