William VASQUEZ

v.

**Patrolman Robert FLEMING, Patrolman Wilfredo Acosta, Patrolman John Doe, Department of Public Safety, Government of the Virgin Islands, Wilfredo Acosta, Appellant.**

No. 79–1546.

United States Court of Appeals,
Third Circuit.

Feb. 13, 1980.

James L. Hymes, III, Grunert, Stout, Hymes, Mayer & Smock, Charlotte Amalie, St. Thomas, V. I., for appellant Wilfredo Acosta.

Bernard M. Van Sluytman, Birch, de-Jongh & Farrelly, Charlotte Amalie, St. Thomas, V. I., for appellee.

Before GIBBONS, WEIS and GARTH, Circuit Judges.

GIBBONS, Circuit Judge.

We affirmed by judgment order, on December 7, 1979, a damage award in favor of appellee in his 42 U.S.C. § 1983 suit against defendant, Patrolman Fleming. Following our affirmance, appellee has filed a motion,

seeking as the prevailing party, an award of costs and attorney's fees for the appeal. This suit was started in the district court for the Virgin Islands and raises an issue peculiar to that district. We are asked to determine whether the Federal Rules of Appellate Procedure, particularly Rule 39(c), which does not include attorney fees in the allowance for costs, are applicable to appeals from the district courts of the Virgin · Islands or whether section 541 of the Virgin Islands Code, 5 V.I.C. § 541 (1967), which allows attorney fees in costs, controls. Because we hold that the Federal Rules of Appellate Procedure are applicable to these appeals, we are presented with the second question of whether to award attorney fees under 42 U.S.C. § 1988 (1976).

The question whether section 541 was meant to apply to appeals was specifically left unanswered in *Skeoch v. Ottley,* 278 F.Supp. 314, 315 (D.V.I.1968), which held that the issue should be determined by the court of appeals. We find two compelling reasons for not applying section 541 to appeals.

Section 541 provides in relevant part:
§ 541.   Costs defined
    (a) Costs which may be allowed in a civil action include:

    .        .        .        .        .

    (6) Attorney's fees as provided in subsection (b) of this section.
    (b) The measure and mode of compensation of attorneys shall be left·to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto.
5 V.I.C. § 541.

The language of this section does not state that it is applicable to the court of appeals. In fact, Subtitle I, (Civil Procedure), of which section 541 is a part, of Title 5, refers only to "proceedings in the district court   .   .   .   [and] the municipal court." *See* 5 V.I.C. § 1(b). The name of the court

of local jurisdiction for the Virgin Islands has subsequently been changed from municipal court to territorial court, *see* 4 V.I.C. § 2 (1978), and "[w]herever the name 'Municipal Court'   .   .   .   appears in the Virgin Islands Code   .   .   ., the same is hereby amended to read 'Territorial Court   .   .   .'" Act of Sept. 9, 1976, No. 3876, § 5, Sess.L.1976, at 197. This change of name obviously does not affect the analysis under sections 1(b) and 541. Thus although subtitle 1 does not state that it was not meant to apply to the court of appeals, the specific inclusion of only the district and territorial courts seems to manifest such an intent. A textual analysis therefore of the relevant Virgin Islands Code sections indicates that it was not intended to cover appeals to this court.

Secondly, 48 U.S.C. § 1615 (Supp.1979), provides that "[t]he rules of practice and procedure heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of Title 28 in civil cases   .   ., shall apply to the District Court of the Virgin Islands and to appeals therefrom." 48 U.S.C. § 1615 (Supp.1979).

▮▮▮ The Federal Rules of Appellate Procedure were promulgated under section 2072 and thus by the text of section 1615 would appear to apply to appeals from the district court of the Virgin Islands. We have already applied the Federal Rules of Civil Procedure to all appeals from the Virgin Islands district courts under section 1615. *See Callwood v. Callwood,* 233 F.2d 784, 787 (3d Cir. 1956). Moreover, in 1967, Rules 72–76 of the Federal Rules of Civil Procedure were replaced with the Federal Rules of Appellate Procedure and under *Callwood* would be applicable to the Virgin Islands. Thus, to interpret section 541 to apply to appeals, would be, as suggested in *Skeoch v. Ottley,* 278 F.Supp. at 315, inconsistent with *Callwood.* In the interest of uniformity, and the absence of any contrary compelling policy, we hold that the Federal Rules of Appellate Procedure apply to all appeals from the Virgin Islands district courts and that 5 V.I.C. § 541 applies only

to territorial and district courts. Under Fed.R.App.P. 39(c), attorney fees are not recoverable as a part of costs.

 However, this case arose as a section 1983 action, and attorney fees may be awarded to the prevailing party under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, by a court of appeals for a successful appeal. *See Green v. Ten Eyck*, 572 F.2d 1233, 1243 (8th Cir. 1978); *cf. Bagby v. Beal*, 606 F.2d 411 (3d Cir. 1979); *Prandini v. Nat'l Tea Co.*, 585 F.2d 47 (3d Cir. 1978). We point out that an award of attorneys fees under 42 U.S.C. § 1988 is not automatic, but rather "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1976). We call counsels' attention to our case law respecting the definition of prevailing party. *See, e. g., Bagby v. Beal*, at 415 (applying prevailing party definition to plaintiffs); *Hughes v. Repko*, 578 F.2d 483, 489 (3d Cir. 1978) (applying prevailing party standard to defendants).

We have, in an analogous situation, awarded attorneys fees on appeal, and set standards for determining the amount of such an award. Because this is the first case of this nature, we deem it appropriate to reiterate those standards and apply them to this context.

> [W]e will consider an application by motion to the same panel which heard the appeal, . . . supported by an affidavit setting forth those considerations which claimant's attorney believes should govern the amount awarded. The employer will be afforded an opportunity to respond by brief, and by affidavit if it deems such response appropriate. . . . The affidavit in support of a fee application should conform as closely as possible to the criteria for the award of attorney's fees which we articulated in *Lindy Brothers Builders, Inc. v. American Radiator Standard Corp.*, 487 F.2d 161 (3d Cir. 1973) and its offspring.

*Atlantic & Gulf Stevedores v. Director, Etc.*, 542 F.2d 602, 609–11 (3d Cir. 1976).

In the instant case, appellee has set forth by affidavit the amount of hours expended in preparation for and argument of the appeal, and the billing rate per hour of associates and partners. There is no indication, however, of the amount of the hours that should be allocated between partners and associates.

Because we have announced a new rule in this area, the parties are directed to resubmit appropriate papers on this matter. Since a disputed fee petition may raise factual issues, we can at a later date consider the appointment of a master to resolve those issues, who may be located in the Virgin Islands.