Helen D. SWIETLOWICH, Administratrix of the Estate of Joseph A. Swietlowich, Deceased and Helen D. Swietlowich, in her own right, Appellant,

v.

COUNTY OF BUCKS and Township of Bristol and Harry Merker and Sgt. Stanley Martin and Sgt. Walter Hughes and Patrolman H. J. McDonough, Appellees.

No. 79–1243.

United States Court of Appeals, Third Circuit.

April 28, 1980.

---

Ralf E. Gilbert, Morrisville, Pa., Dean F. Murtagh, Philadelphia, Pa., Leonard B. Sokolove, Bristol, Pa., for appellee Tp. of Bristol.

Robert A. Godwin, Newtown, Pa., for appellees Martin, Hughes and McDonough.

Harry Lore, Martin Heller, Philadelphia, Pa., for appellant.

Donald B. McCoy, Newtown, Pa., for appellee Harry Merker.

Before ADAMS, ROSENN and WEIS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Counsel for plaintiff have presented us with a petition for attorney's fees incurred in the appeal from an adverse result in a 42 U.S.C. § 1983 suit. The district court had entered judgment in favor of the defendants based upon a jury's answers to interrogatories that the statute of limitations barred recovery. We vacated the judgment because of error in the jury instructions and remanded for a new trial. *Swietlowich v. County of Bucks*, 610 F.2d 1157 (3d Cir. 1979). Because the plaintiff is not a prevailing party at this stage in the litigation, counsel are not entitled to fees under 42 U.S.C. § 1988, and their petition will be denied.

42 U.S.C. § 1988 provides that the court may allow "the prevailing party" a reasonable attorney's fee as part of the cost. As we noted in *Vasquez v. Fleming*, 617 F.2d 334 (3d Cir. 1980), an award under the statute is "not automatic" but is discretionary with the court and may be made only to a prevailing party. *Id.* at 336.

We have had occasion in two recent cases to discuss the question of who is a prevailing party in factual situations where the answer was not self-evident. In *Hughes v. Repko*, 578 F.2d 483 (3d Cir. 1978), we said that the court should analyze the results obtained by the petitioning party on particular claims for relief, regardless of the number of claims or parties, and that a prevailing party is one who fairly can be found to have "essentially succeeded" on a claim. *Id.* at 487. Moreover, a petitioner "cannot be treated as a prevailing party to the extent he has been unsuccessful in asserting a claim." *Id.*

■ The discussion continued in *Bagby v. Beal*, 606 F.2d 411, 415 (3d Cir. 1979), as we noted that the definition "focuses not on the substantive merits of the plaintiff's claims but rather on the relief ultimately received by the plaintiff." If he essentially succeeds in obtaining the relief he seeks in his claims on the merits, the plaintiff becomes a prevailing party. Comparable language is found in *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978): plaintiff is a prevailing party if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." In *Bagby* the award of counsel fees was approved because, while the appeal was pending, the plaintiff had received the hearing she contended was required by the fourteenth amendment and "[n]o future proceedings involving the merits of the controversy will change this result . . . ." 606 F.2d at 415.

■ In the case at bench, by contrast, the earlier opinion of this court did nothing to advance the plaintiff's claim for relief. We affirmed the dismissal of two defendants and vacated the judgment against the plaintiff solely because of error in the instructions given to the jury. The plaintiff, therefore, is no closer to a verdict in her favor than she was before the first trial began, and there is no assurance that she will ever receive damages, the only relief requested. At this point, therefore, the plaintiff has not prevailed within the meaning of 42 U.S.C. § 1988.

In so ruling, we find ourselves in agreement with the rationale in *Bly v. McLeod*, 605 F.2d 134 (4th Cir. 1979). There, the court found that plaintiffs were not prevailing parties even though they claimed certain procedural victories, including a judgment in the court of appeals vacating the district court's dismissal of the action. In its earlier decision, however, the court had expressed no views on the merits of the claim. In denying the attorney's fees peti-

tion, the court said that if the plaintiffs had ultimately lost on the merits, their procedural success would not entitle them to a fee award. *Id.* at 137. "In order to recover attorneys' fees and costs, plaintiff must show at least some success on the merits." *Id.; cf. Hampton v. Hanrahan,* 600 F.2d 600, 643–44 (7th Cir. 1979) (awarding attorney's fees for appeal without discussion of whether plaintiff was prevailing party).

Defendants contend that we should decline to award counsel fees under § 1988 because this case is essentially a tort claim that counsel is handling under a substantial contingent fee arrangement. Additionally, it is argued that fees requested are excessive and not adequately documented. The Township maintains that an award against it would be manifestly unjust since this court reserved the question of its liability on a respondeat superior theory in view of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Swietlowich v. County of Bucks, supra* at 1164. We do not pass upon these contentions but decide only that the plaintiff is not a prevailing party.

The petition for counsel fees will be denied.