Barbara COFFMAN, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

No. C–83–1818 RPA.

United States District Court,
N.D. California.

March 12, 1984.

Robert E. Taren, Santa Cruz, Cal., for plaintiff.

Judith Whetstine, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## AMENDED ORDER

AGUILAR, District Judge.

Plaintiff sought judicial review of the Secretary of Health and Human Services' decision denying plaintiff disability benefits. 42 U.S.C. § 405(g). Plaintiff filed a motion for summary judgment, or in the alternative, for remand to the Secretary. Before the matter ever came on for a hearing before this Court, the government stipulated to remanding the case to the Secretary for further consideration. Now, plaintiff seeks an award of attorneys' fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. In the Order that follows, the Court grants plaintiff's motion for attorneys' fees.

In view of the legislative history of the EAJA, and subsequent court decisions interpreting the Act, the Court finds that plaintiff does not have to achieve ultimate success on the merits in order to be entitled to attorney's fees under the EAJA. *See,* H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 11, U.S.Code Cong. & Admin.News 1980, p. 4953, S.Rep. No. 96–253, 96th Cong., 1st Sess. 7; *Lummi Indian Tribe v. Oltman,* 720 F.2d 1124 (9th Cir.1983). The Court further finds that by obtaining a stipulation to remand the case from the government, plaintiff has achieved a modicum of success that warrants an award of attorney's fees. *See, Ceglia v. Schweiker,* 566 F.Supp. 118 (S.D.N.Y.1983); *Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ind.1983); *Vega v. Schweiker,* 558 F.Supp. 52 (S.D.N.Y.1983).

The Court also determines that plaintiff has met the other requirements for an award of attorney's fees under the EAJA, to wit, plaintiff has provided an itemized

statement of time expended on this case. The government has failed to meet its burden of showing that its position was substantially justified. 28 U.S.C. § 2412(d)(1)(B).

■ Accordingly, the Court holds that plaintiff's counsel is entitled to an award of attorney's fees under the EAJA. However, the Court is not satisfied with the itemized statement of time expended on this case. While the EAJA provides that the government shall pay the attorney's fees of the prevailing party, the EAJA does not require that the government pay unreasonable or exorbitant attorney's fees.

The court finds that the itemized statement submitted by plaintiff's counsel requests unreasonable compensation in light of the complexity of this action. Consequently, the Court will, and hereby does, award plaintiff's counsel attorney's fees of $1,500.00 under the EAJA.

IT IS SO ORDERED.