Frederick **BURT**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 81–2895.

United States District Court, D. New Jersey.

Sept. 19, 1984.

Richard E. Yaskin, Mark S. Jacobs, P.C., Voorhees, N.J., for plaintiff.

W. Hunt Dumont, U.S. Atty. by Paul Blaine, Asst. U.S. Atty., Trenton, N.J., for defendant.

## OPINION

BROTMAN, District Judge.

Presently before the court is a motion by Frederick Burt for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Supp. IV 1980). This motion raises the issue of whether a plaintiff whose case is remanded by the court may be considered a prevailing party. For the reasons which follow, the court finds that such a plaintiff may be considered a prevailing party and that plaintiff's motion for attorney's fees will be granted to the extent provided below.

## I. Factual Background

Plaintiff Frederick Burt brought an action pursuant to § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), for a review of a final determination of the Secretary of Health and Human Services ("Secretary") denying plaintiff disability insurance benefits. After considering the matter, the court remanded this action to the Secretary for further proceedings. The ALJ to whom the case was reassigned considered the case *de novo* and found that the plaintiff was under a disability beginning April 27, 1982, but not prior thereto.

Subsequently, the plaintiff submitted a Letter Memorandum to the Appeals Council arguing that the medical and vocational evidence supported an onset of disability on April 20, 1979. The Appeals Council nevertheless affirmed the decision of the ALJ.

Thereafter, plaintiff appealed to this court which reversed the decision of the Secretary and remanded with instructions to reinstate plaintiff's benefits for a period beginning in August 1979 and continuing through April 1982. The instant petition for counsel fees followed.

## II. The Standard for Awarding Attorney's Fees Against the Government under the Equal Access to Justice Act

The Equal Access to Justice Act ("EAJA") provides in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Third Circuit has on two recent occasions written extensively construing the EAJA. *Dougherty v. Lehman*, 711 F.2d 555 (3rd Cir.1983); *Natural Resources Defense Council v. U.S. Environmental Protection Agency*, 703 F.2d 700 (3rd Cir. 1983).

Under the EAJA, in any civil action brought by or against the United States, a district court must award attorney's fees and other costs to the prevailing party (other than the United States), unless the court finds that the government has carried its burden of showing that its position was "substantially justified," or that special circumstances make an award unjust. Thus, in deciding whether to award fees under the EAJA the district court must determine which party prevailed, whether the government has carried its requisite burden, and accordingly, whether "substantial justification" for the government's position has been demonstrated.

*Dougherty, supra* at 560.

The government has the burden of proving that "its action giving rise to the litigation was substantially justified." *Id.* at 561. In defining the term, "substantially justified," the Circuit was guided by the EAJA's legislative history, which reflected Congressional intent that:

The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the government can show that its case had a

reasonable basis both in law and fact, no award will be made. [citations omitted]. *Id.*

"[F]or the government to show that its position had a 'reasonable basis in both law and fact,' it must:

First, show that there is a reasonable basis in truth for the facts alleged in the pleadings....

Second, the government must show that there exists a reasonable basis in law for the theory it propounds. This is not to say that the government need demonstrate that there is a substantial probability that the legal theory advanced by it will succeed....

Finally, the government must show that the facts alleged will reasonably support the legal theory advanced...." *Id.* at 564.

### III. Discussion

#### A. Prevailing Party Status

Because the plaintiff is requesting counsel fees for both appeals in the District Court, it is necessary to determine at what time the plaintiff became a prevailing party for purposes of the EAJA.

The Supreme Court has noted that

[a] typical formulation is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." [citations omitted].

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

■ It is clear that a plaintiff whose disability benefits are reinstated by the court is a prevailing party for purposes of this motion. *Watkins v. Harris,* 566 F.Supp. 493, 498 (E.D.Pa.1983). However, it is not clear whether a plaintiff whose case is remanded by the court to the Secretary may be considered a prevailing party for the purposes of the EAJA.

■ Congress intended that "the interpretation of the term (prevailing party) be consistent with the law that has developed under existing 'fee shifting' statutes, and that a party need not necessarily litigate a case to final judgment to be 'prevailing' within the meaning of the Act." *See* U.S. Code Cong. and Admin.News 4990 [1980], *McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 30 (2nd Cir.1983). The law that has developed regarding these statutes has established that the phrase prevailing party should not be limited to a victor only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case, *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir. 1977); if he prevails on an interim order which was central to the case, *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C. 1976); or even if he does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006; 40 L.Ed.2d 476 (1974).

The courts which have considered the issue of prevailing party in a remand of the case to the Secretary have been split. In *Roman v. Schweiker,* 559 F.Supp. 304 (E.D.N.Y.1983), the court determined that plaintiff was not a prevailing party entitled to fees by virtue of the temporary success of obtaining a remand. The court did not, however, indicate whether the plaintiff would be entitled to an award of fees corresponding to the preparation of the appeal if she ultimately prevailed on the merits before the Secretary. *Accord McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2nd Cir.1983); *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn. 1982).

The Court of Appeals for the Third Circuit has yet to specifically address the issue of whether a party who obtains a remand in a disability benefits action may be considered a prevailing party. However, in *Swietlowich v. County of Bucks,* 620 F.2d 33 (3rd Cir.1980), a case concerning a motion for attorney's fees under 42 U.S.C. § 1988, the court suggested that a party obtaining a remand could be a prevailing party for purposes of a petition for fees if he was closer to a verdict in his favor

because of that remand. In *Swietlowich,* the district court entered judgment in favor of the defendants based upon a jury's answers to interrogatories that the statute of limitations barred recovery. The Circuit Court vacated the judgment and remanded the case for a new trial solely because of an error in the jury instructions. The court then denied the petition for fees stating that, "The plaintiff, therefore, is no closer to a verdict in her favor than she was before the first trial began, and there is no assurance that she will ever receive damages, the only relief requested." *Id.* at 34.

There is considerable recent authority to support a court's award of fees in a remand of a Social Security benefits action. In *Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ind.1983), the court reversed the denial of benefits and remanded the matter, finding that the ALJ had failed in several respects to fulfill his duties. The court stated that because of the agency's failure to properly develop the record it was unable to award the benefits sought. Thus, the plaintiff through this remand has "obtained substantially the relief requested and under the facts of this case, the extent of relief this court had authority to render." *Id.* The court concluded that to deny attorney fees under those circumstances would be inconsistent with the EAJA's purpose.

In *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y.1982), the court found that the ALJ's denial of benefits was appealable to the Appeals Council for review. In the subsequent petition for attorney fees and costs, the court noted that although an order of remand does not constitute a final judgment, in light of the EAJA's legislative history "there may be cases, including social security remands, where an award of fees might be appropriate although final judgment has not been entered." *Id.* at 539. The court then granted the petition stating that the plaintiff had essentially obtained the relief sought. *Id.*

In *Ceglia v. Schweiker,* 566 F.Supp. 118 (E.D.N.Y.1983), the court was faced with a similar situation as the instant action. In the underlying suit, the plaintiff argued

that the decision of the Secretary was not supported by substantial evidence and thus the plaintiff was entitled to either a reversal or a remand. The court remanded the case and subsequently awarded attorney's fees under the EAJA. In deciding that the plaintiff was a prevailing party, the court stated that:

> Although the plaintiff did not obtain the relief of reversal and consequent granting of benefits ..., it is significant to observe ... that the plaintiff's claim was not remanded to the Secretary simply for a clarification of the agency's decision, or for the taking of additional evidence. Rather, the case was remanded to the Secretary for a *de novo* determination of the plaintiff's eligibility for benefits "giving proper weight to the reports of the treating and consultative physicians." Because the plaintiff's legal theory was substantially adopted by the court, and because significant alternative relief requested in the complaint was granted, I find that the remand order was central to the case, and that the plaintiff was therefore a "prevailing party" within the meaning of the EAJA.

*Id.* at 121–22. *See also Coffman v. Heckler,* 580 F.Supp. 67 (N.D.Cal.1984) (holding that by obtaining a stipulation to remand the case, the plaintiff has achieved a modicum of success that warrants an award of attorney's fees).

In the instant action, the remand order of this court was quite similar to the remand in *Ceglia.* As in *Ceglia,* this court remanded the case to the Secretary to consider the plaintiff's claim of disability in light of both the new and old evidence. In addition, this court instructed the ALJ to consider the report by Dr. Paisley in its entirety, and to determine how much physical strain is involved in plaintiff's former occupation. Moreover, the court criticized the ALJ's failure to even address the uncontradicted evidence of plaintiff's weak grip. The court then concluded that where the record is so incomplete and unexplained, the court is required to remand the case to the Secretary for development of the record.

Thus the plaintiff, who was seeking a reversal or in the alternative, a remand, received the relief requested in the form of a remand with very specific instructions for the Secretary to follow. Once these instructions were complied with, the plaintiff received benefits for a closed period beginning in April 1982.

■ The court agrees with the cited district court opinions which hold that a claimant who obtains the type of remand as plaintiff did here should be given the opportunity to demonstrate that the government's position was not substantially justified. This is particularly true in light of the fact that statistics from the Office of Hearings and Appeals of the Social Security Administration reveal that during fiscal year 1983, the majority of claimants who obtained a remand in the District Court were subsequently awarded benefits by the ALJ.[1] Thus, social security claimants who obtain remands in the District Court, especially remands such as the one ordered here, have moved closer to a verdict in their favor.

■ In the instant action, the ALJ's failure to address uncontradicted medical evidence and the fact that the record before this court was so incomplete, left this court no alternative but to remand the case to the Secretary. The court in *Knox v. Schweiker*, 567 F.Supp. 959 (D.Del.1983), was faced with an almost identical situation. In deciding whether the plaintiff in *Knox* qualified as a prevailing party, that court stated:

> Because of the ALJ's failure to make specific findings and to discuss all the evidence, the only relief this court is empowered to grant is the remand for reconsideration which plaintiff requested. Plaintiff should not be forced to bear the costs necessarily incurred to secure her right to have the administrative law process operate in its intended fashion.

*Id.* at 964. The court then concluded that the plaintiff was a prevailing party for purposes of the EAJA. The court is persuaded by the reasoning in *Knox* and *Ceglia*, as well as that found in other recent district court opinions. Thus the plaintiff will be considered a prevailing party at all times relevant to this motion.

**B. Substantial Justification**

■ As previously noted, once the court finds that the plaintiff is a prevailing party, the government must then produce evidence which proves that its action giving rise to the litigation was substantially justified. *Dougherty, supra* at 561. The medical evidence put forth by the government is rather scant and focuses only on the Secretary's decision to award a closed period of benefits. The entire record, however, indicates that the government's position was not justified at any stage relevant to this motion.

**C. The Government's Position on or Before the Court's June 28, 1982 Remand**

At the initial hearing, the ALJ committed several errors in reaching his decision that plaintiff was not disabled. The most significant of these was the unexplained rejection of uncontradicted medical evidence. This court found that statements made by the plaintiff and the uncontradicted report of Dr. Paisley raised an issue of plaintiff's weak grip which the ALJ ignored completely. It is difficult to conceive how the ALJ could have concluded that the plaintiff could return to his job as a painter in light of this uncontradicted evidence.

1. The statistics for the fiscal years 1982 and 1983 are as follows:

COURT REMANDS—PROCESSED BY OHA

| 1983 | Number | % of Total | 1982 |
|---|---|---|---|
| Affirmed (denied benefits) | 1,499 | 40% | 54% of remands processed by SSA resulted in decisions favorable to the claimants |
| Reversed (granted benefits) | 1,881 | 50% | |
| Other | 370 | 10% | Source: SSA 1984 Annual Report to the Congress |
| Total | 3,750 | 100% | |

SOURCE: OHA/Division of Civil Actions. Social Security Adminis-

In addition, the record before this court at the initial hearing was so incomplete that it was impossible for this court to determine if the ALJ's decision was supported by substantial evidence. Even disregarding plaintiff's weak grip, the court was unable to determine whether the ALJ's finding that plaintiff had the physical strength to perform his previous duties as a janitor was supported by the record.

Finally, the ALJ also failed to address Dr. Paisley's conclusion that plaintiff's "liver problem [and] his general debilitated state preclude him from active participation as a wage earner." *Burt v. Schweiker,* Civ. No. 81–2895, slip op. at 5 (D.N.J. June 28, 1982). For these reasons the court was compelled to remand the case to the Secretary with specific instructions.

The EAJA provides for an award of fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d). There has been a certain amount of debate as to what is the definition of the phrase "position of the United States." While the statute does not define "position" it does state that "United States includes any agency and any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(d)(2)(C). The Third Circuit has recently stated in *Natural Resources Defense Council v. U.S. Environmental Protection Agency,* 703 F.2d 700, 707 (3rd Cir. 1983), that the " 'position of the United States' means the position taken by any agency and any official of the United States acting in his or her official capacity." The court noted that "a significant number of well reasoned opinions have held that the underlying conduct of the agency, not merely its trial conduct, must be considered." *Id.* at 707. The court then concluded that "the word 'position' refers to the agency action which made it necessary for the party to file suit." *Id.*

■ Thus the *Dougherty* test, which states that the government's position is substantially justified if its case had a reasonable basis in law and fact, applies to any agency action relevant to this litiga-

tion. Accordingly, the court may consider the ALJ's disposition of the case as well as the arguments made by the Secretary before the court. By applying the *Dougherty* test to the ALJ's initial denial of benefits, it becomes clear that the government's position was not substantially justified. The ALJ's failure to address uncontradicted medical evidence and testimony regarding plaintiff's weak grip and liver disorder, coupled with the fact that the record before this court was so incomplete, provides ample evidence that the government's position, at the time of the initial remand, was not substantially justified.

**D. The Government's Position on or Before the Court's April 13, 1984 Reversal**

After this court's remand, the ALJ awarded benefits for a period beginning on April 27, 1982. That decision was affirmed by the Appeals Council and plaintiff again appealed to this court. After reviewing the record, this court noted that there was "medical evidence by treating and examining physicians that was highly probative and supportive of the plaintiff's claim. As such, the ALJ's failure to explain his implicit rejection of this evidence, or even to mention any of it, was error." *Burt v. Heckler,* Civ. No. 81–2895, slip op. at 3 (D.N.J. April 13, 1984). This court also noted that while the ALJ stated that the medical reports in the Secretary's previous opinion were incorporated by reference in the present decision, the ALJ in fact never referred to any of those reports. Finally, the ALJ was criticized for failing to discuss the medical evidence put forth by plaintiff which supported his contention that he was disabled, and that such disability arose in August, 1979.

In light of these errors, evidence put forth by the government in defense of its position is not persuasive. Testimony by certain physicians that plaintiff's bronchitis was moderate and his arms and joints remained normal did not contradict the medical evidence which established cirrhosis of the liver and weak grip of the hands. The

evidence put forth by the government simply does not prove that the government's position throughout this litigation was substantially justified.

This is particularly true in a case such as this "where the plaintiff has been required to wait over four years to have his claim properly determined." *Id.* at 4. The legislative history of 28 U.S.C. § 2412 suggests that "where a party has had to engage in a lengthy administrative proceeding before final vindication of his or her rights in the courts, the government should have to make a strong showing to demonstrate that its action was reasonable." *Smith v. Heckler,* 739 F.2d 144 (4th Cir.1984), citing *Tyler Business Services v. National Labor Relations Board,* 695 F.2d 73, 75 (4th Cir. 1982). This philosophy was echoed in *Watkins v. Harris,* 506 F.Supp. 493 (E.D.Pa. 1983), a case quite similar to this one. In *Watkins,* the plaintiff obtained a remand upon his initial appeal and later obtained his benefits after he again appealed to the District Court. The court stated that:

> This case is precisely one to which Congress intended the EAJA to apply. The government's failure to correct its original errors on remand necessitated a second appeal; without the persistence of counsel, plaintiff's benefits would not have been forthcoming.

*Id.* at 498.

**E. The Fee Award**

For the reasons set forth above, the court finds that the government has not carried its burden of demonstrating that its position was substantially justified. Therefore, the plaintiff's motion for fees will be granted. The court now turns to the proper amount of those fees.

■ The plaintiff has requested an hourly rate of $77.86 for services rendered by his attorney. The EAJA expressly states that attorney's fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). None of those circumstances are involved here, and the fee award will be set at $75 per hour.

■ The plaintiff has requested compensation for 21¾ hours of attorney work. As the government correctly points out, plaintiff may not recover for the one and one-quarter hours of attorney work performed in connection with the initial review of plaintiff's claim by the Appeals Council in April 1981. Work performed by counsel at the administrative level is not compensable under the EAJA. The recovery of fees for services rendered before a governmental agency under the EAJA is limited by 28 U.S.C. § 2412(d)(3) to any action for judicial review of an adversary adjudication as defined in 5 U.S.C. § 504(b)(1)(C). That section defines the term "adversary adjudication" as an adjudication "... in which the position of the United States is represented by counsel...." 5 U.S.C. § 504(b)(1)(C). Because the government is not represented by counsel in social security hearings, the attorney time incurred in connection with the initial review of plaintiff's claim by the Appeals Council is not compensable. *Guthrie v. Schweiker,* 718 F.2d 104, 108 (4th Cir.1983); *Watkins v. Harris,* 566 F.Supp. 493 (E.D.Pa.1983). Accordingly, plaintiff will receive compensation for 20½ hours of attorney work.

The government also argues that the 12 hours of effort invested by the attorney's law clerk should not be compensated at an hourly rate of $75.00 as plaintiff has requested. The government contends that $7.00 an hour, the law clerk's hourly wage, is a more reasonable rate.

The court does not agree. In *Blum v. Stenson,* —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the Supreme Court held that fee awards under 42 U.S.C. § 1988 for a nonprofit legal services organization should be based on prevailing market rates. The Court rejected the government's argument, analogous to its argument here, that the fee award should be calculated according to a cost-based standard. Upon reviewing the record it is clear that the time spent by the attorney's law clerk was well invest-

ed. The EAJA provides that "... the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished...." 28 U.S.C. § 2412(d)(2)(A). An hourly rate of $25.00 clearly is not excessive and appears to correspond to the market rate requirements set forth in the statute. *NAACP v. Donovan*, 554 F.Supp. 715, 719 (D.D.C.1982) (awarding $35/hour for work done by a law clerk); *Poston v. Fox*, 577 F.Supp. 915, 920 (D.N.J.1984) (awarding $35/hour for paralegal work). Reducing this hourly rate would only discourage the use of law clerks who operate at a significantly lower hourly rate than attorneys.

The court, therefore, will grant plaintiff's motion for fees under the EAJA for a total of 20½ hours of attorney time compensated at $75 an hour, and 12 hours of law clerk time compensated at $25 an hour, for a total award of $1837.50. An appropriate order will be entered.