**DEFENDERS OF WILDLIFE, the Sierra Club, and Friends of Animals and their Environment, Plaintiffs,**

**v.**

**ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY; and Secretary, Department of the Interior, Defendants,**

**and**

**American Farm Bureau Federation, a non-profit corporation, Intervenor–Defendant.**

**Civ. 4–86–687.**

United States District Court, D. Minnesota, Fourth Division.

Sept. 6, 1988.

Faegre & Benson, Brian B. O'Neill, Jeff H. Eckland, and Alan M. Anderson, Minneapolis, Minn., for plaintiffs.

U.S. Dept. of Justice, Charles R. Shockey, Washington, D.C., Mary E. Carlson, Asst. U.S. Atty., for defendants.

Maun, Green, Hayes, Simon, Johanneson & Brehl, John C. Johanneson, St. Paul, Minn., (American Farm Bureau Federation, Richard L. Krause, Park Ridge, Ill., of counsel), for intervenor.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs brought this action challenging the registration of strychnine pesticide and rodenticide for certain above-ground uses. Violations of several federal statutes were alleged, including: the Endangered Species Act (ESA), 16 U.S.C. §§ 1531–1543 (1982); the Migratory Bird Treaty Act (MBTA), 16 U.S.C. § 703 *et seq.* (1974); the Bald and Golden Eagle Protection Act (BGEPA), 16 U.S.C. § 668 *et seq.* (1986); the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332 (1975); and the Administrative Procedures Act (APA), 5 U.S.C. § 551 *et seq.* (1966). The parties brought cross motions for summary judgment, which were decided on April 11, 1988, 688 F.Supp. 1334.

Plaintiffs prevailed on several issues, and they submitted their affidavits and application for attorney's fees and costs on April 29, 1988. Defendants were granted an extension of time to submit their response; it was received on July 13, 1988. Plaintiffs then submitted a reply memorandum and supplemental application for fees on July 18, 1988. Now before the court are plaintiffs' applications for fees and costs incurred in litigating the merits of the action and their fee petition and defendants' post-trial motions.

Plaintiffs' claims for costs, disbursements and attorneys fees are based upon

the ESA, 16 U.S.C. § 1540(g)(4),[1] and the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[2] Defendants urge that the court should reserve ruling on the fees petition until their appeal is concluded. An award of attorneys fees is collateral to the merits of the action, however, and should be decided promptly by the trial court. *Obin v. District No. 9, International Asso. of Machinists and Aerospace Workers,* 651 F.2d 574, 584 (8th Cir.1981).

Plaintiffs assert that they are entitled under the ESA to an award of all their reasonable legal fees and costs. They contend that all their claims were interrelated and that they substantially prevailed on the major goals of the litigation, in furtherance of the policy behind the ESA. *See Sierra Club v. Clark,* 755 F.2d 608, 619 (8th Cir. 1985) (*citing Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983)) (fees recoverable when petitioner achieves some success on the merits of its claims which further the purpose of the Act). Defendants respond that plaintiffs should not be awarded fees under the ESA since they hindered the administrative process by changing their position during settlement negotiations and failed to supply timely information to the agency. Defendants argue alternatively, that if any award is made, it should be limited to those expenses directly attributable to count 7, the only purely ESA claim on which plaintiffs prevailed.

The Supreme Court has outlined the proper approach to resolving a fee award in a case with multiple claims:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983). Unrelated claims are those "based on different facts and legal theories." *Id.* at 434, 103 S.Ct. at 1940. *See also Jenkins by Agyei v. Missouri,* 838 F.2d 260 (8th Cir. 1988) (fees allowed for unsuccessful claims closely related to those which were successful).

■ On the cross motions for summary judgment plaintiffs prevailed on four counts, defendants prevailed on two, and count VI was dismissed with prejudice after plaintiffs failed to pursue it beyond the complaint.[3] Although there were multiple claims, two central allegations were made in the complaint—"[T]hat the EPA reversed, without adequate explanation or scientific support, the decision to ban most above-ground uses of strychnine rodenticide ... [and] that any continued registration will inevitably cause mortality to protected species, resulting in predictable and

1. The court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award cost of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate.

   16 U.S.C. § 1540(g)(4) (1984).

2. Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

   28 U.S.C. § 2412(d) (1985).

3. Plaintiffs' motion for summary judgment was granted on counts I (illegal taking in violation of ESA), IV (illegal taking in violation of BGEPA), V (illegal taking in violation of MBTA), and VII (agency action arbitrary and capricious and contrary to law in violation of APA). Declaratory and injunctive relief was ordered. Defendants' motion for summary judgment on counts II (failing to assist recovery of endangered species in violation of ESA) and III (failure to consult in violation of ESA) was granted.

avoidable deaths...." Memorandum Opinion and Order, April 11, 1988, at 20. These claims can be characterized as an administrative (APA) challenge to agency action and a direct challenge under federal environmental statutes. Both theories of relief directly supported a fundamental purpose of the ESA—to protect endangered species from a predictable, avoidable, and unlawful reduction in numbers. An award of fees under the ESA is therefore appropriate for both of the legal theories advanced. *See Sierra Club,* 755 F.2d at 619 (ESA provides for award of fees for litigation enforcing the terms of the Act).

Two of the successful claims were not brought directly under the ESA—count IV (BGEPA) and count V (MBTA). Nonetheless, the factual, procedural, and legal underpinnings of these claims were closely related to the ESA claims, particularly count VII.[4] For all claims plaintiff had to master the same vast administrative record. These claims also had several complex legal issues in common. Plaintiffs had to address the issues of standing, exhaustion of administrative remedies, the relation of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) to this action, and the unusual procedural history and posture from which the action arose. A substantial portion of plaintiffs' efforts were dedicated to these issues and to compilation of the non-target kill book data from Freedom of Information Act (FOIA) responses. This effort was essential for success on counts I and VII; such success directly furthered the protection of endangered species. On the other hand, some of plaintiffs' efforts were not related to the successful claims which further the policies of the ESA.[5] Plaintiffs' fees request for work on the merits of the summary judgment motions should therefore be reduced by 15%. This reduction eliminates work on the unrelated claims.

Because plaintiffs are entitled under the ESA to an award of most of the requested fees, the court need not discuss at length plaintiffs' claims under the EAJA. Plaintiffs would also be entitled under the EAJA to recover most of their hours and expenses. They prevailed on the merits of their principal claims, *see* 28 U.S.C. § 2412(d)(1)(A); and defendants' positions in this litigation were not "substantially justified" regarding either the APA or the ESA claims. *See* 28 U.S.C. § 2412(d)(1)(B). The defendant's positions were not "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* — U.S. —, 108 S.Ct. 2541, 2551, 101 L.Ed.2d 490 (1988).

The starting point for calculating the proper amount of a fee award is the lodestar, which is the attorney's normal hourly billing rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart,* 461 U.S. at 433, 103 S.Ct. at 1939; *Shakopee Mdewakanton Sioux v. City of Prior Lake,* 771 F.2d 1153, 1160 (8th Cir.1985). Plaintiffs urge that their counsels' regular fees be enhanced from the lodestar by approximately one-third to compensate for the difficulty of the case, the risk of non-payment presented by their contingency fee arrangement, and the small number of attorneys willing or capable to undertake this type of litigation. Although ESA fees may be enhanced, en-

4. Count VII alleged that defendants violated the APA by reversing agency actions designed to avoid jeopardy to endangered species, and that they did so without adequate scientific basis or explanation. Count VII also charged agency violation contrary to law by permitting the incidental taking of endangered species without advance authorization by the Secretary. ESA, 16 U.S.C. § 1536(b)(4) (1986) Counts IV and V similarly alleged that defendants violated the APA by promulgating and implementing identical regulations which resulted in violations of other federal environmental statutes.

5. Plaintiffs were unsuccessful on counts II and VI, but their fee award should not be discounted on that basis. Plaintiffs made no appreciable effort to pursue either of these claims in their briefs or at the hearing, and it does not appear that any significant legal expenses are sought for this work. *See Sierra Club v. Clark,* 755 F.2d at 619–20 (no discount of fees warranted for issue on which plaintiff did not prevail, but which was relatively minor issue to which plaintiff devoted only 2 of 18 pages in main brief). The only other claim on which plaintiffs were unsuccessful is closely related to the successful ESA claims. (Count III which alleged untimely renewal of consultation in violation of ESA).

hancement should be the exception rather than the rule. *See Pennsylvania v. Delaware Valley Citizens' Council,* 483 U.S. 711, 107 S.Ct. 3078, 3088, 97 L.Ed.2d 585 (1987). The willingness of able counsel to undertake complex litigation does not alone warrant enhancement. *Pierce v. Underwood,* 108 S.Ct. at 2554. The factors urged by plaintiffs in support of fee enhancement are built into the normal billing rate which is used to calculate the lodestar. No enhancement is warranted here.

Defendants challenge the fee claim for work performed by law clerks and paralegals. Their time should be included, however, since use of such personnel is a prudent means of keeping fees down. *See Burt v. Heckler,* 593 F.Supp. 1125, 1132–33 (D.N.J.1984). The O'Neill affidavit shows that plaintiffs' counsel exercised care in submitting the statement of hours billed. He affirms that the hours claimed reflect work devoted entirely to this litigation. The number of hours for which reimbursement is sought is reasonable given the number and complexity of issues, the vigorous advocacy by all parties, and the breadth of the administrative record. The parties submitted several lengthy briefs and an extensive number of affidavits and exhibits. The hourly rates submitted as normal billing rates for each person are reasonable. Defendants have not objected to the disbursements claimed by plaintiffs, and the court finds them to be reasonable also.

For all these reasons, plaintiffs are entitled to their attorneys fees and costs as follows: [6]

| | Normal Rate | Total Hours Billed | | Award |
|---|---|---|---|---|
| Attorneys | | | | |
| Brian O'Neill | $185 | merits* | 99.00 | $18,315.00 |
| | | fee petition | 32 | 5,920.00 |
| | | supplemental motions | 24.50 | 4,532.50 |
| Lori Potter | 120 | merits* | 10.75 | 1,290.00 |
| | | fee petition | 4.50 | 540.00 |
| Timothy Deliman | 65 | respond to motion to limit record | 48.25 | 3,136.25 |
| Carol Garland | 65 | fee petition | 57.00 | 3,705.00 |
| | | supplemental motions | 72.50 | 4,712.50 |
| Lori Ann Wagner | 75 | supplemental motions | 30.75 | 2,306.25 |
| Law Clerks | | | | |
| Sarah Armstrong | 50 | merits* | 60.25 | 3,012.50 |
| | | fee petition | 15.00 | 750.00 |
| Richard Duncan | 50 | merits* | 106.75 | 5,337.50 |
| James Henly | 50 | merits* | 70.50 | 3,525.00 |
| William Traynor | 50 | merits* | 16.50 | 825.00 |
| Legal Assistants | | | | |
| Melissa Winn | $60 | merits | 1.00 | 60.00 |
| | | fee petition | 17.75 | 1,065.00 |
| | | supplemental motions | 6.00 | 360.00 |
| Tamera Durst | 50 | merits* | 20.75 | 1,037.50 |
| Sara Vickerman | 60 | factual research | 107.00 | 6,420.00 |
| Susan Hagood | 60 | factual research | 119.50 | 7,170.00 |
| Hank Fisher | 60 | factual research | 37.00 | 2,220.00 |
| Judy Bellairs | 25 | document review | 98.25 | 2,456.25 |
| | Fees Subtotal: | | | $78,696.25 |

6. This tabulation reflects a 15% reduction of time spent on the merits of the action to deduct for claims unrelated to furthering the policies of ESA. *See* p. 1031 *supra.* The asterisks indicate those instances where the hours have been reduced by 15%.

| | | Award |
|---|---|---|
| Disbursements and bills paid | $ 6,860.45 | |
| Disbursements—fee petition | 738.51 | |
| Disbursements—supplemental motions | 1,756.32 | |
| Disbursements Subtotal: | | 9,355.28 |
| Total: | | $88,051.53 |

The total amount of the award plaintiffs are entitled to for fees, costs, and disbursements is $88,051.53.[7]

Accordingly, based on the above and all the files, records and proceedings herein, IT IS HEREBY ORDERED that plaintiffs are awarded from defendants $88,051.53 in attorneys fees, costs, and disbursements.

LET JUDGMENT BE ENTERED ACCORDINGLY.

7. If defendants were to submit further motions or materials which would require a response, this award might have to be amended, of course.