NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3829

_____

ROBERT FREEMAN; JUDY FREEMAN; WALTER HANSEL WINERY INC;
MEYER FRIEDMAN, and BEVERLY FRIEDMAN
v.
DIRECTOR OF THE NEW JERSEY DIVISION OF ALCOHOLIC BEVERAGE
CONTROL,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-03-cv-03140)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2013

Before:  MCKEE, Chief Judge, SMITH, and SLOVITER, Circuit Judges

(Filed:  September 13, 2013)

_____

O P I N I O N

_____

SLOVITER, *Circuit Judge*.

The Director of the New Jersey Department of Alcoholic Beverage Control ("ABC") appeals the District Court's award of $802,221 in attorneys' fees and expenses to the Appellees. We will vacate the award in part and affirm in part.

I.

Appellees, four New Jersey consumers of wine and one California winery, sued ABC in the District of New Jersey, alleging that New Jersey's ABC laws discriminated against out-of-state wineries in violation of the Commerce Clause. Appellees' original complaint noted a number of differences between how the ABC laws treated in-state and out-of-state wineries and sought an injunction permitting out-of-state wineries to ship wine directly to New Jersey residents, as in-state wineries could do. During a stay of the litigation, and in response to *Granholm v. Heald*, 544 U.S. 460, 493 (2005), which held that "[i]f a State chooses to allow direct shipment of wine, it must do so on evenhanded terms," New Jersey amended its laws to eliminate direct shipping of wine altogether. Act of July 14, 2004, 2004 N.J. Laws 102. Appellees then amended their complaint to allege that the new ban on direct shipping violated the Commerce Clause, and to clarify the other ABC provisions the Appellees still sought to challenge as discriminatory.

On cross-motions for summary judgment, the District Court found all but two of the challenged provisions constitutional. Both sides appealed. This court found the direct-shipment ban constitutional, but held that several other provisions did discriminate against out-of-state wineries in violation of the Commerce Clause. *See Freeman v. Corzine*, 629 F.3d 146, 164-65 (3d Cir. 2010). Because the discrimination could be

2

remedied either by eliminating benefits for in-state wineries or by extending them to out-of-state wineries, we remanded the case to the District Court to determine the proper result. *See id.* at 165. Appellees then petitioned this court for an interim award of attorneys' fees pursuant to 42 U.S.C. § 1988(b) for the work done on appeal. This court denied Appellees' request without explanation.

On remand, the litigation was stayed by all parties' consent. The New Jersey legislature rewrote the relevant statutory provisions, and the parties entered a consent agreement that concluded the substance of the litigation. After the entry of the consent order, Appellees requested attorneys' fees and expenses in the District Court. Appellees provided time records, explanations of their litigation tasks, and evidence of the prevailing hourly rate for attorneys of similar experience in the area. The District Court's lodestar analysis[1] led it to make two small reductions in Appellees' fee request, but it otherwise granted the request as written. The total award, which included compensation for the appellate fees this court had denied, was $802,221. ABC timely appealed the District Court's award of fees and costs.[2]

## II.

First, ABC argues that the District Court lacked authority to grant appellate fees and costs that this court has explicitly denied. Because this objection raises a question of

---

[1] A lodestar analysis requires the court to first determine the lodestar – hours reasonably expended multiplied by a reasonable hourly rate – and then adjust the lodestar amount if necessary to reach a reasonable fee award. *See Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331; this court has jurisdiction pursuant to 28 U.S.C. § 1291. *See Jama v. Esmor Corr. Servs.*, 577 F.3d 169, 173 (3d Cir. 2009).

law, our review is plenary. *See McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009).

Once this court "has entertained an application for appellate attorney's fees, a district court may not." *Yaron v. Twp. of Northampton*, 963 F.2d 33, 37 (3d Cir. 1992). In *Yaron*, as in this case, this court denied an appellate fee request "without explanation," *id.* at 35, and the district court later awarded appellate fees. The *Yaron* panel vacated the award, reasoning "that an order denying fees on appeal is analogous to a remand with a specific mandate. In such a case, the district court is required to follow our mandate." *Id.* at 37.

The District Court found *Yaron* inapposite because it concerned fees for prevailing defendants, rather than plaintiffs. It held that to apply *Yaron* in this case "would be at odds with binding caselaw," App. at 27, and cited *Perdue v. Kenny A. ex rel Winn*, 130 S. Ct. 1662, 1676 (2010), for the proposition that courts cannot deny § 1988 fees to prevailing plaintiffs without explanation. *Perdue* specifically addresses trial courts, however, and requires explanation in order to enable appellate review. *See id.* We do not read it as abrogating *Yaron*'s clear rule.

The District Court also distinguished *Yaron* on the basis that it involved a fee request following a final disposition, whereas the fee petition in this case was made "*before* the litigation was complete." App. at 27. This is a distinction without a difference. The Appellees' appeal was complete when this court denied their fee application. The further proceedings in the District Court were not relevant to whether

4

Appellees deserved fees for the appeal. There is no more of a basis to infer that the denial in this case was procedural than there was in *Yaron*.

We are sympathetic to the Appellees' argument that what may have been a procedural denial should not bar a later fee award, but there is simply no sound basis to exempt this case from *Yaron*'s broad holding. Pursuant to that precedent, the District Court lacked authority to award Appellees fees for the prior appeal. We will vacate that component of the fee award, and will also vacate the fees awarded for time spent litigating the *Yaron* issue below. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1982).

### III.

Second, ABC contends that the District Court abused its discretion by failing to reduce the award to reflect Appellees' loss on the issue of the direct-shipment ban. *Cf. id.* at 434-36 (holding that fee awards must account for "limited success"); *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989). None of ABC's arguments in support of this claim have merit.

ABC asserts for the first time on appeal that Appellees should receive no fees for work done prior to their Second Amended Complaint. The argument is waived. *See Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009).[3] More broadly, ABC argues that the District Court abused its discretion by accepting the Appellees' calculation of hours worked, which the Appellees say excluded time spent on the direct-shipment ban. ABC contends that Appellees' records were too vague to be credible, and that the District

---

[3] We are not persuaded that the quality of Appellees' records "hampered the State's ability" to make this objection below. Appellants' Br. at 28.

Court should have further reduced the fee award to account for the fact that the direct-shipment ban was the focus of the case. It is clear, however, that the core of the lawsuit was the larger discrimination claim. *See Freeman*, 629 F.3d at 151-53 (describing issues in lawsuit). Furthermore, Appellees' fee petition contained ample detail to support the District Court's determination. *Cf. Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973). The District Court did not abuse its discretion in declining to reduce the award.

IV.

Third, ABC argues that the District Court abused its discretion by compensating Appellees for legal work performed on behalf of non-prevailing parties. "A district court abuses its discretion if its decision rests upon . . . an improper application of law to fact." *Johnston v. HBO Film Mgmt. Inc*, 265 F.3d 178, 183 (3d Cir. 2001) (internal quotation marks omitted).

Because "it is the party, rather than the lawyer, who is . . . eligible" for fees pursuant to § 1988, *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990), courts must take care to award fees only to prevailing parties. This is particularly challenging in a multi-party case involving multiple claims. *See McKenna*, 582 F.3d at 457. In this case, the District Court awarded fees for work done on behalf of Oliver Winery, which was voluntarily dismissed as plaintiff before the resolution of the case, on the ground that "[p]laintiffs' attorneys . . . should not be penalized for developing the claims of what would otherwise be a suitable plaintiff." App. at 35. The District Court also awarded fees for Appellees' unsuccessful efforts to substitute Chateau Thomas Winery for plaintiff Hansel Winery,

6

and to locate additional plaintiffs. Because these components of the award compensated the prevailing attorneys rather than the prevailing parties, they did exceed the District Court's discretion. We will vacate them as well.

V.

We note, lastly, that Appellees' request for attorneys' fees for the instant appeal is premature. A prevailing party may request appellate attorneys' fees and costs by motion supported by an affidavit to the same panel that heard the appeal. *See Vasquez v. Fleming*, 617 F.2d 334, 336 (3d Cir. 1980); 3d Cir. L.A.R. Misc. 108.1. Because Appellees have not had the chance to argue that they are prevailing parties, and ABC has not had an adequate opportunity to oppose the motion, Appellees must separately move for appellate attorneys' fees. *See id.*

VI.

The District Court did not have authority to grant compensation to Appellees for (1) the prior appeal or time spent litigating the *Yaron* issue, (2) work done solely on behalf of Oliver Winery, (3) work done in support of Appellees' unsuccessful effort to substitute Chateau Thomas Winery for plaintiff Hansel Winery, and (4) time spent seeking additional plaintiffs. We will therefore vacate these elements of the award of fees and costs, affirm the award in all other respects, and remand to the District Court to enter judgment in the amount of the reduced award.