Stephen C. **CRANE**, on behalf of himself and others similarly situated, Plaintiff-Appellee Cross Appellant,

v.

**STATE OF TEXAS,** Defendant-Appellant,

v.

**COUNTY OF DALLAS,** Ben Ellis, John Orvis, Mike Schwille, Berlaind Brashear and Chuck Miller, Defendants-Appellants Cross Appellees,

v.

Henry **WADE** and L.E. Murdoch, Defendants-Appellees.

No. 83–1650.

United States Court of Appeals, Fifth Circuit.

July 22, 1985.

---

Earl Luna, Dallas, Tex., for Ellis et al. and Dallas County.

Jim Mattox, Atty. Gen., Mary F. Keller, Lawrence J. King, Asst. Attys. Gen., Austin, Tex., for State of Tex.

Peter Lesser, Johnston & Larson, Douglas R. Larson, Dallas, Tex., for Crane.

Sue L. Lagarde, Dallas, Tex., for appellees Henry Wade and Larry Murdoch.

## ON PETITIONS FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

Before GEE, WILLIAMS, and JOLLY, Circuit Judges.

PER CURIAM:

On motion for rehearing, appellant Dallas County advances one contention requiring comment: that a Texas district attorney is an officer of the State of Texas, not of the county in which he serves, and hence that Dallas County is not responsible for the policies which its District Attorney set for it. The point is a nice one and fairly debatable. A complementary contention by the appellant district attorney maintains that as such a State official he partakes of its Eleventh Amendment immunity.

It is indubitable that a Texas district attorney has numerous, if relatively minor, attributes of a State official. As appellants point out, the geographic extent of his office's authority is created by a specific state statute for each territory ("district") within the state, some few of which comprise more than one county. E.g., Tex.Rev. Civ.Stat.Ann. art. 332b–2(b) (64th Judicial District: Hale and Swisher Counties). In the event of a vacancy in his office, the Governor appoints his interim successor. Tex.Rev.Civ.Stat.Ann. art. 328 (1973). His bond for faithful performance of his duties runs to the Governor of the State. Tex. Rev.Civ.Stat.Ann. art. 323 (1973). A state administrative body, the Prosecutor's Council, exists to discipline and assist the holders of his office. Tex.Rev.Civ.Stat. Ann. art. 332d (1985). The District Attorney is required by statute to make reports to the State Attorney General upon his request. Tex.Rev.Civ.Stat.Ann. art. 333 (1973). His office is created by Article V, § 21, of the State Constitution; and a text on state law describes him, partly on the

basis of this, as "an officer of the state." 31 Tex.Jur.3rd 394.[1]

Other and more significant factors, generally speaking, argue that he is a local official. He is elected by the voters of his district, usually one county. Tex.Const. art. V, § 21. His major powers and duties—which concern the prosecution of serious crimes and which he exercises alone and without responsibility to the State Attorney General, who has no general prosecutorial powers—are limited to the territory of his district. He is paid by county funds, although these are partly reimbursed by the state. And the significance of the creation of his office by the State Constitution is diminished by the circumstance that other local offices are created by it as well. See e.g., Article V, § 19 (Justices of the peace) and § 20 (County clerks). In sum, much like the county itself, his office is a local entity, created by the State of Texas and deriving its powers from those of the State, but limited in the exercise of those powers to the county, filled by its voters, and paid for with its funds. As for the case in hand, District Attorney Wade was responsible for the county policy attacked and conclusively demonstrated his ability to alter it on his own by doing that very thing.

For present purposes, then, we conclude that he is properly viewed as a county official, elected by its voters and responsible for its relevant policy. In such circumstances, we see no injustice in holding the County responsible for his actions of this sort. Doubtless he is also in some senses an officer of the State (or of the state), at least as ultimately deriving the powers of his office from that source. But even were he a State official in every sense, called so in State law and designated by the State to make policy for its other creature, the county, our answer would likely remain the same; county responsibility for violation of the Constitution cannot be evaded by such ingenious arrangements. At all events, his immunity or want of it is of little practical consequence. The joint and several judgment against him in his official capacity only and against the county will expend itself on the county treasury. See, *Kentucky, dba Bureau of State Police, Petitioner v. James E. Graham, et al.,* — U.S. —, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

█ Plaintiff has filed with us a motion for attorneys' fees and costs on appeal, as well as one for restoration of a portion of trial attorneys' fees because of developments on appeal. We conclude that such matters are better addressed as one by the district court, and we therefore amend our original disposition to VACATE the award of attorneys' fees heretofore made and RE-MAND to permit the district court to do so.

In all other respects, the Petitions for Rehearing are DENIED; and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestions for Rehearing En Banc are DENIED.

---

**1.** Another cited basis is dubious, a reference to the duties of prosecutors in *Lackey v. State,* 148 Tex.Cr.R. 623, 190 S.W.2d 364, 365 (1945) ("[P]rosecuting attorneys are officers of the state, whose duty is to see that justice is done, ...."). It seems plain that this reference is to the "state" in the abstract, rather than as a particular political entity.