**Michael and Harrise YARON, his wife, for Themselves, as Taxpayers and as the Parents and Guardians of Jarred Yaron, a minor and Marcus and Carol Kline, his wife, for Themselves, as Taxpayers and as the Parents and Guardians of Marc Kline, a minor**

v.

**TOWNSHIP OF NORTHAMPTON, a Political Subdivision of Bucks County and the Commonwealth of Pennsylvania; Nancy Opalka; Armand Carriere and Barry Vesotsky.**

**Michael Yaron and Harriese Yaron, his wife, and Jarred Yaron, a minor, and Marcus Kline and Carol Kline, his wife, and Mark Kline, a minor, Appellants.**

No. 91–1743.

United States Court of Appeals, Third Circuit.

Argued March 11, 1992.

Decided April 30, 1992.

Rehearing Denied May 28, 1992.

---

Mark E. Gold (argued), Hackensack, N.J., for appellants.

L. Rostaing Tharaud (argued), Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for appellees Tp. of Northampton, Nancy Opalka, Armand Carriere and Barry Vesotsky.

Larry M. Keller (argued), Sidkoff, Pincus & Green, Philadelphia, Pa., for appellees Sidkoff, Pincus & Green and Gary Green.

Present: HUTCHINSON, ALITO and ROTH, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Michael and Harriese Yaron and Marcus and Carol Kline (collectively "plaintiffs") appeal an order of the United States District Court for the Eastern District of Pennsylvania ordering them to pay $29,326.96 in attorney's fees pursuant to 42 U.S.C.A. § 1988 (West 1981) that the Township of Northampton, Nancy Opalka, Armand Carriere and Barry Vesotsky (collectively "defendants") incurred at trial and on appeal for their successful defense of a civil-rights action brought by plaintiffs on behalf of their respective minor sons. Plaintiffs ask us to reverse that part of the district court's order awarding attorney's fees for legal services rendered to defendants on plaintiffs' earlier appeal of the district court's order granting summary judgment to defendants. This Court rejected defendants' application for attorney's fees for that appeal. Plaintiffs contend this order was dispositive of that question and therefore the district court erred when it included reimbursement of $2,500.00 for services on that appeal in its later order awarding defendants attorney's fees. Plaintiffs also seek to remand this case to the district court so that it may consider apportioning the payment of the remaining attorney's fees awarded among plaintiffs and their counsel in the underlying civil rights action.

Controlling precedent holds this Court can decide appellate attorney's fees applications under section 1988. *See, e.g., Vasquez v. Fleming*, 617 F.2d 334, 336 (3d Cir.1980). Accordingly, our express rejection of defendants' application for costs and attorney's fees on appeal finally disposed of that issue and precluded the dis-

trict court from including any amount for appellate services in its fee order. We will thus vacate the district court's award of fees attributable to legal services on the prior appeal. We will, however, reject plaintiffs' request to remand this case to the district court with instructions to consider apportionment of the fees between plaintiffs and their former counsel.

## I.

Plaintiffs filed suit against the defendants alleging various civil-rights violations under 42 U.S.C.A. § 1983 (West 1981) in connection with the "cutting" of Jarred Yaron and Mark Kline from the Northampton Basketball Program's travelling team of ten-year olds.[1] They asserted a host of violations of their constitutional rights and various state-law torts. Plaintiffs also asked for a declaratory injunction against further funding of the team with tax monies.

Plaintiffs sought a temporary restraining order which the district court granted in part by ordering that Jarred was to be given a supplemental tryout. Jarred was not offered a place on the team after the supplemental tryout. Plaintiffs then moved for a preliminary injunction. The district court denied their motion because they "had failed to show a substantial likelihood of success on the merits." Appendix at 40–41. On August 29, 1989, the district court granted defendants' motions for summary judgment on all claims. Plaintiffs timely appealed on the merits.

During the pendency of the appeal, defendants moved in the district court for $72,273.37 in attorney's fees for trial services rendered, pursuant to section 1988. The district court stayed action on that motion pending disposition of the appeal on the merits.

After a panel of this Court affirmed the order of the district court granting defendants' summary judgment motions by judgment order, defendants moved in this Court for attorney's fees, again pursuant to section 1988, in the amount of $12,865.50 for services rendered in defending the appeal. They also filed a supplemental motion for attorney's fees for the same services on appeal in the amount of $14,168.50 with the district court.[2] On October 19, 1990 this Court denied the motion for attorney's fees for appellate services without explanation.

On July 18, 1991, the district court awarded defendants attorney's fees in the amount of $18,000.00. On July 31, 1991, the district court vacated its July 18 order and entered an amended order granting attorney's fees in the amount of $26,826.96 for services at trial and $2,500.00 for services on appeal.

Plaintiffs' counsel, Gary Green (Green) of the law firm Sidkoff, Pincus & Green, then withdrew from the action and plaintiffs' current counsel, Mark Gold, brought this timely appeal.

## II.

We have appellate jurisdiction over the district court's final order granting attorney's fees to the defendants. *See* 28 U.S.C.A. § 1291 (West Supp.1991). The district court had subject-matter jurisdiction over this civil rights action, *see* 28 U.S.C.A. § 1343(a)(3) (West Supp.1991), and pendent jurisdiction over the state-law claims, *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

A district court's award of attorney's fees under section 1988 is normally reviewed for an abuse of discretion. *See Croker v. Boeing Co.*, 662 F.2d 975, 983 (3d Cir.1981) (in banc). The abuse of discretion standard will be used in reviewing the district court's failure to apportion fees among plaintiffs and their counsel. However, in this case, our review is plenary with respect to the district court's award of attorney's fees on appeal because that is-

---

1. The historical facts of this case are irrelevant to our disposition of the issues on appeal and are omitted.

2. The difference in the figures is attributed to an additional 14.2 hours of work requested in the application to the district court. No reason is given for the different number of hours.

sue concerns the district court's ability to award any attorney's fees for services on appeal. *Cf. Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir.1985) (trial court must proceed in accordance with appellate mandate).

## III.

### A.

■ Plaintiffs contend that the $2,500.00 in attorney's fees the district court awarded to defendants for services in connection with the appeal on the merits was erroneous because this Court had previously denied a fee application for the same work. The defendants[3] argue in response that an application for attorney's fees under section 1988 is exclusively for the district court citing *Crane v. Texas*, 766 F.2d 193 (5th Cir.) (per curiam), *cert. denied*, 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985), *Smith v. Detroit Bd. of Educ.*, 728 F.2d 359 (6th Cir.1984) (per curiam) and *Ad World, Inc. v. Doylestown Twp.*, 634 F.Supp. 4 (E.D.Pa.1985). Since a section 1988 application for attorney's fees arising out of an appeal is a matter for the district court, the defendants reason that our prior denial of attorney's fees is meaningless.

Defendants' position is not unsupported. Other courts of appeals are split on the issue of whether a petition under section 1988 for appellate attorney's fees may be brought in the court of appeals as an original matter. *Compare Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir.1988) (petition may be brought in the court of appeals) *and Reel v. Arkansas Dep't of Correction*, 672 F.2d 693, 699 (8th Cir.1982) (same) *with Smith v. Detroit Bd. of Educ.*, 728 F.2d 359 (6th Cir.1984) (per curiam) (petition cannot be brought in the court of appeals), *Suzuki v. Yuen*, 678 F.2d 761, 762 (9th Cir.1982) (same) *and Souza v. Southworth*, 564 F.2d 609, 613–14 (1st Cir.1977) (same) *with Iqbal v. Golf Course Superintendents Ass'n of Am.*, 900 F.2d 227, 229–30 (10th Cir.1990) (petition properly brought in court of appeals but remanded to district court for calculation of amount), *Finch v. City of Vernon*, 877 F.2d 1497, 1508 (11th Cir.1989) (same) *and McManama v. Lukhard*, 616 F.2d 727, 730 (4th Cir.1980) (per curiam) (same). The United States Court of Appeals for the Fifth Circuit has decided cases standing for each of the above views. *Compare Taylor v. Ouachita Parish School Bd.*, 648 F.2d 959, 972 (5th Cir. Unit A 1981) (entertaining petition for appellate fees) *with Crane v. Texas*, 766 F.2d 193, 195 (5th Cir.) (per curiam) (refusing to entertain petition for appellate fees and remanding to district court), *cert. denied*, 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985) *with Morrow v. Dillard*, 580 F.2d 1284, 1296–1300 (5th Cir.1978) (petition brought in court of appeals but remanded to district court for calculation of amount).

The Supreme Court of the United States has never decided this question. However, in at least two cases, while the question was not expressly presented to the Supreme Court, it has reviewed awards of attorney's fees set by a court of appeals without discussion of the issue. *See Hanrahan v. Hampton*, 446 U.S. 754, 755, 100 S.Ct. 1987, 1988, 64 L.Ed.2d 670 (1980) (per curiam); *Hutto v. Finney*, 437 U.S. 678, 685, 98 S.Ct. 2565, 2570, 57 L.Ed.2d 522 (1978).

The issue that has split other courts, whether a petition for attorney's fees under section 1988[4] for sums expended on appeal may be brought in a court of appeals in the first instance, has been settled in this Circuit. This Court may entertain such petitions. *See Vasquez*, 617 F.2d at 336 ("[A]ttorney fees may be awarded to

---

3. Vesotsky makes no appearance on appeal.

4. Section 1988 reads, in relevant part:
The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title ... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States.... In any action to enforce a provision of section[ ] ... 1983 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
42 U.S.C.A. § 1988.

the prevailing party under [section] 1988, by a court of appeals for a successful appeal."); *see also Thorstenn v. Barnard,* 883 F.2d 217, 218–19 (3d Cir.1989); *Swietlowich v. County of Bucks,* 620 F.2d 33, 34–35 (3d Cir.1980) (per curiam). Thus, contrary to defendants contention, our order denying fees was not without import.

■ In this Circuit, once this Court has entertained an application for appellate attorney's fees, a district court may not. We reason that an order denying fees on appeal is analogous to a remand with a specific mandate. In such a case, the district court is required to follow our mandate. *See Bankers Trust,* 761 F.2d at 949 (citing *Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948); *Seese v. Volkswagenwerk, A.G.,* 679 F.2d 336, 337 (3d Cir.1982); *Noel v. United Aircraft Corp.,* 359 F.2d 671, 674 (3d Cir.1966)). Although our mandate here deprived the district court of power to award attorney's fees for appellate services, we hasten to disavow any implication that the district court ignored our denial of attorney's fees. Nothing in this record shows that the district court was aware of our order when it entered its award. Nevertheless, since this Court expressly denied the fee petition at issue, our decision did preclude the district court from making any award for work done by defendants' counsel on appeal. Accordingly, that portion of the district court's order awarding defendants counsel fees for services on appeal will be vacated.

### B.

■ Plaintiffs and defendants join forces in asking us to remand this case to the district court to decide whether attorney's fees should be apportioned between the plaintiffs and Gary Green (Green), plaintiffs' trial attorney, on various grounds.[5] *See Quiroga v. Hasbro, Inc.,* 934 F.2d 497 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991). In *Quiroga,* we remanded to the district court so that it could consider whether Quiroga's

counsel should be charged with some of the attorney's fees assessed against Quiroga. *Id.* at 504. Our decision there was influenced by the fact that Quiroga's attorney appeared to be at least partially responsible for the events that led to Quiroga's frivolous suit. Moreover, the district court there had found that Quiroga's counsel was responsible for a " 'heavy handed' ... 'extraordinary and outlandish' " letter to Quiroga's employer followed, in our words, by a "brash ultimatum." *Id.* at 500–01. This correspondence turned Hasbro's decision not to relocate a manufacturing plant, and effectively deny a promotion to Quiroga, into a discriminatory discharge case. The district court went so far in that case as to label one of Quiroga's claims "an attorney construct." *Id.* at 503.

The present case is different. While Green, plaintiffs' original counsel, pursued a meritless case that stretched the meaning of various clauses of the Constitution, the record does not disclose whether Green or his clients were the motivating force in the over-zealous pursuit of this litigation. Here, it may not have been legally prudent to continue the case, but there is no basis on which we could conclude that Green was the one primarily responsible for continuing the case beyond all hope of success. Moreover, here, unlike *Quiroga,* by the time the plaintiffs brought their case to Green, the dispute had fully ripened. In short, this case was not Green's "construct."

We also note that we decided *Quiroga* June 11, 1991, more than a month before the district court's original fee award and almost two months before the amended fee award. *Id.* at 497. The district court had ample opportunity to consider apportioning the fees in light of *Quiroga,* to advise plaintiffs' counsel of the potential conflict that could arise and to advise plaintiffs that they might want to seek new counsel because of the potential conflict. For these reasons, we reject plaintiffs' request for a remand of this case to the district court to

---

**5.** No party to this appeal questions the propriety of awarding defendants counsel fees for services

in the district court nor the amount the district court awarded for those services.

consider an apportionment of the fee award.

## IV.

The order of the district court will be vacated insofar as it awards $2,500.00 to defendants for attorney's fees they incurred on the earlier appeal on the merits and the case will be remanded to it with instructions to modify accordingly its award of attorney's fees to defendants. The parties shall each bear their own costs on the instant appeal.