United States Court of Appeals,

Fifth Circuit.

No. 95-20232.

Eric Victor ESTEVES, Plaintiff-Appellant,

v.

Leslie BROCK;  Harris County, Defendants-Appellees.

Feb. 28, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, and REYNALDO G. GARZA and JONES, Circuit Judges.

POLITZ, Chief Judge:

Eric Victor Esteves appeals the dismissal of his 42 U.S.C. § 1983 action seeking damages against Harris County and assistant district attorney Leslie Brock for her use of peremptory challenges to exclude three African Americans from the jury in his criminal trial.  Concluding that Brock has absolute prosecutorial immunity from personal liability and that prosecutorial actions taken by district attorneys on behalf of the State of Texas cannot be attributed to Harris County, we affirm.

*Background*

Esteves, an African American, filed a *pro se* complaint alleging that Brock, while acting as Assistant District Attorney for Harris County, violated his right to equal protection of the laws by excluding blacks from a jury which convicted him of aggravated robbery.  Esteves alleged that Harris County is liable for Brock's actions because they were taken pursuant to a county

1

custom of excluding blacks from juries.

In *Esteves v. Texas*,[1] Esteves' conviction was reversed upon a finding that Brock had used peremptory challenges to strike three blacks from the jury in violation of *Batson v. Kentucky*.[2] On retrial Esteves was convicted a second time, and the conviction was affirmed on appeal.[3]

Esteves' section 1983 action seeks damages and a declaratory judgment that his civil rights were violated. Brock and Harris County filed Fed.R.Civ.P. 12(b)(6) motions to dismiss the action. Brock contended that she had absolute immunity from suit under the doctrine of prosecutorial immunity; she also asserted that Esteves could not file a civil claim for violation of *Batson.* Harris County's motion contended that because Brock was not a final policymaker for the county, it could not be sued for her actions either directly or on the basis of *respondeat superior.* The district court dismissed with prejudice Esteves' cause of action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) on the basis that the sole remedy for a *Batson* violation is a new trial, not compensatory damages. Esteves timely appealed.

*Analysis*

A trial court judgment can be affirmed on appeal for reasons

---

[1]859 S.W.2d 613 (Tex.App.—Houston [1st Dist.] 1993, writ ref'd).

[2]476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

[3]*Esteves v. Texas,* No. 01-94-821-CR, 1995 WL 149270 (Tex.App.—Houston [1st Dist.] April 6, 1995, no writ).

other than that relied upon at the trial level.[4]  Because neither an assistant district attorney nor a county can be held liable for prosecutorial actions taken on behalf of the state in the course of judicial proceedings, we affirm the district court's dismissal of this case on the ground that the complaint fails to state a claim upon which relief can be granted.[5]  Accordingly, we need not address the holding that a new trial is the exclusive remedy for the racially discriminatory use of peremptory challenges in violation of a criminal defendant's fourteenth amendment rights.

*Claims Against Brock*

A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions "initiating a prosecution and ... presenting the State's case" and those "intimately associated with the judicial phase of the criminal process."[6]  All of Brock's actions of which Esteves complains occurred during Esteves' criminal trial.  Because Brock's use of peremptory strikes in a racially discriminatory manner was part of her presentation of the state's case, she is entitled to absolute immunity from personal liability.

If the complaint is construed to include a claim against Brock in her official capacity, the claim is merely "another way of

---

[4]*Terrell v. University of Tex. Sys. Police,* 792 F.2d 1360 (5th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987).

[5]Fed.R.Civ.P. 12(b)(6).

[6]*Imbler v. Pachtman,* 424 U.S. 409, 430-431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).

pleading an action against an entity of which an officer is an agent."[7]  Inasmuch as the complaint alleges that Harris County should be held liable for Brock's actions, we consider the claim against Brock in her official capacity as a claim against Harris County.[8]

*Claims Against Harris County*

Under 42 U.S.C. § 1983, a county cannot be held liable on a theory of *respondeat superior* merely because it employs a tortfeasor.  A county may be liable, however, for harm caused by the execution of an official policy or custom that deprives individuals of their constitutional rights.[9]  Local governmental liability can be based on the existence of a persistent, widespread practice which, although not officially promulgated, is "so common and well settled as to constitute a custom that fairly represents municipal policy."[10]  According to Esteves, the Harris County District Attorney's Office maintains a persistent and widespread practice of using peremptory challenges to exclude African

---

[7]*Monell v. Dep't of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978).

[8]*Ashe v. Corley,* 992 F.2d 540 (5th Cir.1993).  We ultimately conclude herein that Brock acted on behalf of the state rather than the county in exercising peremptory challenges.  As a state officer acting in her official capacity, however, Brock is protected by the eleventh amendment from suit under section 1983 for money damages. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989);  *Chrissy F. v. Mississippi Dep't of Public Welfare,* 925 F.2d 844 (5th Cir.1991).

[9]*Monell.*

[10]*Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984) (en banc), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).

4

Americans from juries. Because of this "policy," Esteves alleges, the county can be held liable for Brock's unconstitutional actions during his criminal trial.

We are not persuaded. Assuming for the purposes of the Fed.R.Civ.P. 12(b)(6) motion that the allegation of a widespread practice of discrimination is true, in exercising peremptory challenges Brock and the Harris County District Attorney were acting not as county officers but as advocates for the state, prosecuting violations of Texas criminal law. The alleged discriminatory practices are not fairly attributable to Harris County because they are actions taken by agents of the state as part of the prosecutorial function.

Whether an individual defendant is acting on behalf of the state or the local government is determined by state law[11] and by an analysis of the duties alleged to have caused the constitutional violation.[12] In *Crane v. Texas,*[13] we recognized that under Texas law a district attorney primarily has attributes of a county officer, including payment by local funds and election by the voters of the district, which usually includes one county. We also recognized, however, that Texas law treats district attorneys as state officials in many ways: their offices are created by the Texas Constitution, they are subject to discipline by a state

---

[11]*See Chrissy F.*

[12]*Echols v. Parker,* 909 F.2d 795 (5th Cir.1990).

[13]766 F.2d 193 (5th Cir.), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985).

administrative body, and interim vacancies are filled by the Governor.

Texas law makes clear, however, that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted. "Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom...."[14] In *Echols v. Parker* we found that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law. A county official "pursues his duties as a state agent when he is enforcing state law or policy."[15] In *Krueger v. Reimer*[16] we found that the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable.

Because the use of peremptory challenges during a judicial proceeding is an integral part of the prosecutorial function of enforcing state criminal law, these actions cannot fairly be attributed to the county. Given that a district attorney represents the state in criminal prosecutions, the county, which

---

[14]Tex.Code Crim.Proc.Ann. art. 2.01; Tex. Const. art. V, § 21; Tex.Gov't Code Ann. § 43.180(b) ("The [Harris County] district attorney shall represent the state in criminal cases pending in the district and inferior courts of the county.").

[15]909 F.2d at 801.

[16]66 F.3d 75 (5th Cir.1995).

has no affirmative control over the prosecutor's decisions in a particular case, should not be held liable when a prosecutor engages in unconstitutional conduct during a criminal proceeding. In the instant matter, Brock was enforcing state law criminalizing robbery when she engaged in the conduct which violated Esteves' constitutional rights. We hold that in exercising peremptory challenges in the course of a judicial proceeding instituted to enforce state law, a district attorney is not acting as a county official for whose actions the county bears responsibility. As a result, Harris County cannot be held liable for Brock's actions.

Our decision today does not absolve a county of all responsibility for the actions of a district attorney in the performance of his or her duties. For those duties that are administrative or managerial in nature, the county may be held liable for the actions of a district attorney who functions as a final policymaker for the county.[17]

AFFIRMED.

---

[17]*Cf. Familias Unidas v. Briscoe,* 619 F.2d 391 (5th Cir.1980) (determining that a county can be liable for nonjudicial actions taken by a judge in his role as final policymaker for the county).