## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-10894
_____

JACQUELINE HARRIS,

Plaintiff-Appellant,

versus

DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE; DALLAS COUNTY, TEXAS; DALLAS COUNTY SHERIFF'S DEPARTMENT; DALLAS COUNTY JAIL; JANET FERGUSON, Assistant District Attorney,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-2974-H)

September 14, 1999

Before DUHÉ, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jacqueline Harris appeals the grant of summary judgment to Dallas County, Texas ("the County"), and Janet Ferguson, an assistant district attorney for the County, and the denial of her motion to delay a ruling on the defendants' summary judgment motion until she obtained further discovery ("Rule 56(f) motion").[1] We affirm.

We first address the denial of the Rule 56(f) motion.[2] In the section of her brief arguing for reversal of the denial, Harris asserts that allowing her discovery before ruling on the summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Harris does not appeal the district court's grant of summary judgment to the Dallas County District Attorney's Office, the Dallas County Sheriff's Office, and the Dallas County Jail. Nor does she appeal the district court's dismissal of her state law claims without prejudice.

[2] Ferguson and the County mistakenly believe that Harris has appealed the district court's decision to shield Ferguson from discovery.

judgment motion would have enabled her to "better aver or allege the factual content of Defendant Dallas County's policies," to learn the "intent" of the officials involved in her "arrest," and to explore the County's "policies of jailing crime victims illegally under the guise of a Writ of Attachment." Nowhere in this section or elsewhere in the brief does Harris state the applicable standard of review.[3] Nor does she cite any legal authority in making her argument. Accordingly, we hold that Harris has inadequately briefed the Rule 56(f) issue, and decline to consider it. *See* FED. R. APP. P. 28(a)(6) (1998) (superseded).[4]

We next address the summary judgment ruling. We review the district court's grant of summary judgment *de novo*. *See Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 381 (5th Cir. 1998). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Harris argues that absolute prosecutorial immunity is unavailable to Ferguson because telling her to pay no heed to the subpoena to appear in court and getting the trial judge to jail her pursuant to a writ of attachment without a hearing, both of which Ferguson did, are not part of the prosecutorial function.[5] We disagree. A prosecutor's management of the state's trial witnesses, which includes instructing them on when to appear in court, and efforts to secure the appearance of the state's trial witnesses in court are activities intimately associated with the judicial phase of the criminal process, and thus are entitled to absolute prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, ___, 118 S. Ct. 502, 509-10, 139 L. Ed. 2d 471, ___ (1997) (observing that the

---

[3] We review the denial of a Rule 56(f) motion for abuse of discretion. *See Krim v. BancTexas Group*, 989 F.2d 1435, 1441 (5th Cir. 1993).

[4] Since Harris filed her appellate brief, Rule 28 has been revised. The language previously appearing as Rule 28(a)(6) now appears as Rule 28(a)(9). *Compare* FED. R. APP. P. 28(a)(6) (1998) (superseded) *with* FED. R. APP. P. 28(a)(9) (1999).

[5] We reject Harris' assertion that her status as a "crime victim" renders absolute prosecutorial immunity inapplicable. The determinative factor in analyzing an assertion of absolute prosecutorial immunity is whether or not the prosecutor's activities are activities intimately associated with the judicial phase of the criminal process. *See Kalina v. Fletcher*, 522 U.S. 118, ___, 118 S. Ct. 502, 507, 139 L. Ed. 2d 471, ___ (1997).

decision to file charges, the presentation of information and a motion to the court, and the decision on what information to present to the court are prosecutorial functions).  Even if Ferguson acted inappropriately in her dealings with Harris, and failed to adduce enough evidence to merit a writ of attachment, she still receives absolute prosecutorial immunity.  *See Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) ("[P]rosecutorial immunity extends to a prosecutor's actions in 'initiating and pursuing a criminal prosecution and in presenting the state's case . . . [E]ven where the prosecutor knowingly used perjured testimony, or failed to make full disclosure of all facts.'"); *see also Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir.) (holding that a prosecutor is entitled to absolute immunity for his use of peremptory strikes in an unconstitutional manner), *cert. denied*, ___ U.S. ___, 118 S. Ct. 91, 139 L. Ed. 2d 47 (1997).  Accordingly, we hold that the district court did not err in granting summary judgment to Ferguson based on absolute prosecutorial immunity.

Harris also argues that the County violated the Fourth Amendment because she was not seized pursuant to a valid arrest warrant.  In this regard, she emphasizes that the writ of attachment did not authorize an arrest and that there was no evidentiary showing made to justify her jailing.

We reject this argument.  Harris was seized pursuant to a facially valid writ of attachment issued by a state court acting within its jurisdiction.  The writ instructed law enforcement officials to "place[] witness in the Dallas County Jail if found after 4:30 p.m."  We have held that law enforcement officials are entitled to absolute immunity in this situation.  *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996) ("an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction").  In doing so, we have rejected the suggestion that law enforcement officials be required to second-guess judicial orders that are facially valid.  *See id.*  Accordingly, we hold that the district court did not err in granting summary judgment to the County on Harris' Fourth Amendment claim.

Finally, Harris argues that the County violated the Fourteenth Amendment's Due Process Clause when jail officials "denied her prescribed medication and her crutches."  We disagree.  There

is no evidence linking the refusal to provide Harris with her medication and crutches to a County policy or custom. *See Spiller v. City of Texas City Police Dep't*, 130 F.3d 162, 166-67 (5th Cir. 1997) (holding that the complaint was legally insufficient because it alleged conclusorily that the local official's misconduct reflected an official policy or custom of the locality). Accordingly, we hold that the district court did not err in granting the County summary judgment on Harris' due process claim.

Based on the forgoing discussion, we affirm.