IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40017
Conference Calendar

_____

GREGORY A. SHANAFELT,

Plaintiff-Appellant,

versus

THE OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF TEXAS;
COLLIN COUNTY DISTRICT ATTORNEY;
C. SANDAVOL, Judge; GREGORY BREWER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-264
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Gregory A. Shanafelt, Texas prisoner # 859126, appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 civil rights complaint. Shanafelt is seeking monetary damages for an alleged violation of his Sixth and Fourteenth Amendment rights to compulsory process. Shanafelt contends that the defendants failed to subpoena a list of witnesses he requested be present at his criminal trial. Shanafelt was convicted of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burglary of a habitation pursuant to a guilty plea which he entered after his criminal trial resulted in a hung jury. The district court dismissed Shanafelt's § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) after it determined that Shanafelt's claims were barred under the rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

A review of the record indicates that all but one of the defendants in this case are immune from suit. Shanafelt's claims against the Attorney General of the State of Texas and the Collin County, Texas, District Attorney are barred by the Eleventh Amendment. See Esteves v. Brock, 106 F.3d 674, 676-78 (5th Cir. 1997). Shanafelt's claim against Doris Berry, Assistant District Attorney of Collin County, Texas, to the extent it is brought against Berry in her individual capacity, it is barred because Berry is protected from personal liability by absolute prosecutorial immunity. Id. at 677. Any official-capacity claim against Berry is barred by the Eleventh Amendment. Id. at 677 & n.8. Shanafelt's claim against Judge Sandavol is barred because the Judge is entitled to absolute judicial immunity. Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996). The remaining defendant, Shanafelt's court-appointed attorney, Gregory Brewer, is not a state actor and is not subject to suit under § 1983. Mills v. Criminal Dist. Court #3, 837 F.2d 677, 679 (5th Cir. 1988).

As none of the defendants were properly before the court, Shanafelt's claims should have been dismissed with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i). Marts v. Hines, 117

F.3d 1504, 1505-06 (5th Cir. 1997)(en banc).  The district court's dismissal of Shanafelt's § 1983 complaint may be affirmed on that basis.  See Esteves, 106 F.3d at 676 (holding that a trial court judgment may be affirmed for reasons other than those relied on at the trial level).  Shanafelt's appeal is without arguable merit and, thus, frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  As the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.

The district court's dismissal of Shanafelt's complaint and this court's dismissal of the appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Shanafelt is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.