IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30923
Summary Calendar

_____

GEORGE STEVEN TABOR

Plaintiff - Appellant

v.

CITY OF SHREVEPORT; ET AL

Defendants

CITY OF SHREVEPORT; BO WILLIAMS, Mayor;
STEVE PRATOR, Chief of Police; JONDUKE BONANNO

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-693
--------------------
June 7, 2000

Before KING, Chief Judge, and SMITH and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

George Steven Tabor appeals the district court's grant of
the appellees' motion for summary judgment and dismissal for
failure to state a claim upon which relief may be granted.  Tabor
contends that the district court erred in determining that 1) the
conduct alleged against Jonduke Bonanno was not actionable as a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Fourth Amendment claim under § 1983, 2) probable cause supported the seizure of Tabor's vehicle, and 3) the City of Shreveport, Mayor Bo Williams, and Chief of Police Steve Prator were not liable for the seizure and impoundment of Tabor's vehicle.

The district court granted Bonanno's motion for summary judgment. Although the City of Shreveport, Williams, and Prator moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the district court also applied the summary judgment standard when dismissing their claims. Accordingly, the *de novo* summary judgment standard of review is applied here in addressing all of Tabor's arguments.

We have reviewed the record and and briefs submitted by the parties and affirm the district court's ruling with respect to the Fourth Amendment claim against Bonanno and the claims against the City of Shreveport, Williams, and Prator. See Monell v. Dept. of Social Serv. of City of New York, 436 U.S. 658, 694 (1978); Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999); Petta v. Rivera, 143 F.3d 895 (5th Cir. 1998); Lynch v. Cannatella, 810 F.2d 1363, 1376 (5th Cir. 1987).

Because we find probable cause existed to seize Tabor's van, we affirm the district court's grant of summary judgment for that issue on an alternate ground. See Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997); United States v. Cooper, 949 F.2d 737, 746-47 (5th Cir. 1991).

AFFIRMED.