United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41478
Summary Calendar
_____

MICHAEL ALEX FIELDS,

                                        Plaintiff-Appellant,

versus

JIMMY PACE; UNIDENTIFIED STRIBLIN;
W. OWENS; UNIDENTIFIED GALLOW,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-143
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

    Michael Alex Fields, Texas prisoner # 605621, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint for

failure to comply with the magistrate judge's order to submit a

standardized 42 U.S.C. § 1983 form.  He argues that the district

court abused its discretion in dismissing his complaint with

prejudice as his original complaint was not deficient and

complied with the Federal Rules of Civil Procedure and the

---

    [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

general rules of pleading.  We need not decide the issue, however, because the district court determined in the alternative that Fields's complaint should be dismissed as his claims were barred by <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).  Because Fields's claims would necessarily imply the invalidity of the prison disciplinary action if successful, the district court did not err in determining that the claims were barred by <u>Edwards</u>. Therefore, the court AFFIRMS the district court's judgment on this ground.  <u>See</u> <u>Esteves v. Brock</u>, 106 F.3d 674, 676 (5th Cir. 1997); <u>Sojourner T v. Edwards</u>, 974 F.2d 27, 30 (5th Cir. 1992). The district court, however, should have dismissed Fields's complaint without prejudice to his right to refile the complaint in the future if his disciplinary case is reversed or declared invalid.  <u>See</u> <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).  As a result, the court MODIFIES the district court's judgment to reflect that the dismissal is without prejudice.

AFFIRMED AS MODIFIED.