United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30224
c/w No. 04-30456

_____

LAWRENCE SPIKES; HENRY S. JONES, SR.;
STARLA TRIPLETT JONES;
JOHNNIE RAY CARPENTER,

Plaintiffs-Appellees,

versus

BENJI PHELPS, ETC.; ET AL.,

Defendants,

TERRY REEVES, Individually and in his
Official Capacity as District Attorney
of Winn Parish,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:-CV-642

_____

Before REAVLEY, JONES, and GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Winn Parish District Attorney Reeves attempts an interlocutory appeal to vindicate his claim of absolute prosecutorial immunity from a suit filed against him in his official capacity. Reeves was sued under numerous state and federal authorities because he allegedly misused the power of his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

office to charge and imprison supporters of a local political candidate at a critical time, preventing them from campaigning and voting for their candidate. The district court dismissed claims filed against Reeves individually, but it refused to dismiss claims against Reeves in his official capacity.

The liability, if any, flowing from a federal civil rights suit based on official capacity, runs against the local government entity, not the individual defendant. Monell v. Dept of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 n.55 (1978). While interlocutory appellate jurisdiction is granted to preserve individual government officials' immunity or the state's sovereign immunity from suit, local government entities enjoy no immunity that would justify interlocutory appeal. Leatherman v. Tarrant County Narcotics and Coordination Unit, 507 U.S. 163, 166, 113 S. Ct. 1160 (1993). Moreover, Reeves's assertion of absolute prosecutorial immunity does not confer appellate jurisdiction, as this court has held such immunity unavailable in an official capacity suit against a Louisiana district attorney. Burge v. Parish of St. Tammany, 187 F.3d 452, 467-68 (5th Cir. 1999) (citing Leatherman, supra). We therefore lack jurisdiction over potential defenses that Reeves has asserted in the official capacity suit, e.g., whether there exists a constitutional claim for malicious prosecution (see Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc)), and whether plaintiffs sufficiently pled the existence of municipal custom or policy.

2

Insofar as Reeves asserts that he acted on behalf of the state, rather than the parish, he raises an Eleventh Amendment state sovereign immunity defense. Over this claim, we have interlocutory jurisdiction. Mitchell v. Forsyth, 472 U.S. 511, 105 S. Ct. 2806 (1985). Reeves relies on footnote 8 in Esteves v. Brock, 106 F.3d 674 (5th Cir. 1997), in which this court noted that a Texas prosecutor acting in her official capacity to prosecute crime is a state actor protected by the Eleventh Amendment from § 1983 damages. Esteves should be viewed as an interpretation of Texas law concerning the role of a district attorney within the framework of state government.[1] But this court has held, contrary to Esteves, and based on Louisiana law, that a parish district attorney is not entitled to Eleventh Amendment immunity. See Hudson v. City of New Orleans, 174 F.3d 677, n.1 (5th Cir. 1999); Burge, 187 F.3d at 466-67. Reeves's Eleventh Amendment immunity claim thus fails.

Finally, Reeves asserts immunity against state law claims against him on the ground that Louisiana does not distinguish between personal and official capacity suits against district attorneys who have acted within the scope of their prosecutorial duties. Reeves cites Knapper v. Connick, 681 So. 2d 944 (La.

---

[1] Esteves is reconcilable with an earlier Texas case, Crane v. Texas, 766 F.2d 193 (5th Cir. 1985), based on the different function that the district attorney was performing in Crane (setting county policy for the authorization of misdemeanor warrants) as opposed to Esteves (enforcing Texas criminal law by prosecution). Thus, Texas district attorneys are shielded by Eleventh Amendment immunity for acts performed as state officers in the scope of criminal prosecution, but they are not so shielded when they act with respect to local policies.

3

1996), which does not squarely address this issue.  Nevertheless, the Louisiana courts have upheld Reeves's contention in two other cases.   Sinclair v. Louisiana Dept. of Public Safety and Corrections, 769 So. 2d 1270 (La. App. 2000); Connor v. Reeves, 649 So. 2d 803 (La. App. 1995).   Accordingly, the state law claims against Reeves must be dismissed.

For the foregoing reasons, the appeal is dismissed in part, and the orders of the district court are affirmed in part and reversed in part, and the case is remanded for further proceedings consistent herewith.

**APPEAL DISMISSED IN PART, ORDERS AFFIRMED IN PART and REVERSED IN PART, and CASE REMANDED.**