United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10201
Summary Calendar
_____

TIM B. GILLIAM,

                                        Plaintiff-Appellant,

versus

CITY OF FORT WORTH TEXAS; TARRANT COUNTY TEXAS; JONE E. GREY,
Vice Officer, Fort Worth,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-473-A
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

        Tim B. Gilliam, Texas inmate # 1175788, appeals the

dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b).  Gilliam contends that the defendants

violated his rights in numerous ways during his arrest,

subsequent incarceration, criminal trial, and a subsequent

probation revocation proceeding.

        As the district court found, Gilliam has not shown that

Tarrant County had a role in the events surrounding his arrest.

---

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gilliam was arrested by Fort Worth police officers, he was incarcerated in a jail run by the City of Mansfield, Texas, and he was prosecuted by a district attorney acting as an agent of the State of Texas. See Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997) (A "district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted").

We conclude that Gilliam's claims against Officer Grey are without merit. The district court did not err in holding that the state court trial transcript showed that Officer Grey believed that she had reached a deal with Gilliam for sex in exchange for money. However, because he was charged with committing a different offense than the one described by Grey, he was acquitted. Gilliam's claims against Grey lack an arguable basis in fact or in law under 28 U.S.C. § 1915(e)(2)(B).

We further hold that Gilliam's claims against Grey are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Although Gilliam was acquitted of the criminal charge stemming from his arrest, we conclude that a judgment in favor of Gilliam on his arrest claims or on his claims of official oppression and harassment would imply the invalidity of his revocation. See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (applying Heck to probation revocations); see also Esteves, 106 F.3d at 676 (this court may affirm on any grounds supported by the record).

Gilliam's claims against Fort Worth relating to his parole revocation also are barred by Heck. His claims against Fort

Worth relating to his incarceration lack an arguable basis in law or fact under 28 U.S.C. § 1915(e)(2)(B). Gilliam has not alleged facts to show a "direct causal link" between a policy or custom of Fort Worth and the denial of his rights. See Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). He was incarcerated at a facility run by the City of Mansfield, not Fort Worth, and he can not show a "direct causal link" between a Fort Worth "policy" to deliver its prisoners to the custody of the Mansfield jail and any unconstitutional conditions he suffered there. Finally, as previously noted, Gilliam was prosecuted by the district attorney, who was acting as an agent of the state. See Esteves, 106 F.3d at 678.

Because this litigation presents no "exceptional circumstances," the district court did not abuse its discretion in denying Gilliam's motion for appointment of counsel, and we deny Gilliam's renewed motion for appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Finally, Gilliam's motion for leave to file supplemental briefs also is denied.

Gilliam is warned that the district court's dismissal of his action counts as a strike under 28 U.S.C. § 1915(g). If he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v.

<u>Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(g).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION TO FILE SUPPLEMENTAL BRIEFS DENIED; SANCTION WARNING ISSUED.