# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2012

Lyle W. Cayce
Clerk

No. 11-20600
Summary Calendar

KELVIN WASHINGTON,

Plaintiff-Appellant

v.

AMANDA BOLIN, Fort Bend Assistant District Attorney; JUDGE THOMAS R. CULVER, III, 240th Criminal Court; JOSH WEISS, Harris County Assistant District Attorney; JUDGE SHAWNA REAGIN, 176th Criminal Court; PEGGY BIJOU, Fort Bend County Community Supervision and Corrections Department Pretrial; CHRIS WOLFF, Supervisor, Fort Bend County Community Supervision and Corrections Department Pretrial,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-781

Before JOLLY, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Kelvin Washington, Texas prisoner # 641320, pro se and in forma pauperis (IFP), appeals the magistrate judge's (MJ) dismissal of his civil complaint pursuant to Federal Rule of Civil Procedure 12(b). We review de novo the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

The MJ granted the defendants' motions to dismiss on the grounds that (1) Washington's claims for injunctive and declaratory relief should not be addressed based on the *Younger*[1] abstention doctrine, (2) Eleventh Amendment immunity barred Washington's claims against Officers Bijou and Wolff and against Assistant District Attorneys (ADAs) Bolin and Reiss, and (3) Washington's claims against Judges Culver and Reagin were barred by absolute judicial immunity. Washington has inadequately briefed any challenge to the application of the *Younger* abstention doctrine to his claims for injunctive and declaratory relief and has abandoned on appeal any challenge to the MJ's reliance on the doctrine. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Washington challenges the MJ's determination that Eleventh Amendment immunity barred his claims against Officers Bijou and Wolff and against ADAs Bolin and Reiss. Official capacity suits are treated the same as suits against the state, and Eleventh Amendment immunity applies to state officials when sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991); *McKinley v. Abbot*, 643 F.3d 403, 406 (5th Cir.), *cert. denied*, 132 S. Ct. 825 (2011). The MJ held that Eleventh Amendment immunity extended to Washington's claims for monetary damages against Officers Bijou and Wolff in their official capacities. Washington has not argued that the district court erred by failing to address specifically whether the Fort Bend County Community Supervision and Corrections Department was a state or local entity for purposes of applying

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

Eleventh Amendment immunity. *See Clark v. Tarrant County, Texas,* 798 F.2d 736, 744 (5th Cir. 1986) (observing that in determining whether entity was entitled to Eleventh Amendment immunity, court must examine the entity and its powers and characteristics under state law). We may affirm the MJ's decision on any basis supported by the record. *See Berry v. Brady,* 192 F.3d 504, 507 (5th Cir. 1999). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated by official action. (internal footnote omitted). To grant Washington the relief he seeks would imply the invalidity of his imprisonment or conviction; thus, his claims for damages are *Heck*-barred and not cognizable in § 1983. *See Heck*, 512 U.S. at 487.

District attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g.*, *Esteves v. Brock*, 106 F.3d 674, 677-78 (5th Cir. 1997). As the MJ reasoned, Washington complained of acts taken by the ADAs in their prosecutorial capacities. Washington has not shown error in the MJ's dismissal of his claims for damages against ADAs Bolin and Reiss as barred by the Eleventh Amendment. *See Esteves*, 106 F.3d at 677-78.

Washington argues, in essence, that because Judges Reagin and Culver violated his civil rights, absolute judicial immunity should not have barred his claims. Judges have absolute immunity for all acts performed in the exercise of judicial functions, no matter the alleged magnitude or mendacity of the acts. *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). This immunity may be overcome only by showing that the acts were nonjudicial or were taken in the complete absence of jurisdiction. *Id.*; *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). Because Washington has alleged no facts that would support a

finding that the judges he sued took any actions outside the court's jurisdiction or that their acts were nonjudicial, Washington's claims against Judges Reagin and Culver were properly dismissed on grounds of absolute judicial immunity. *See Boyd*, 31 F.3d at 284-85.

Washington's request that we order a stay of the proceedings pending exhaustion of state remedies is DENIED.

To the extent that Washington raises on appeal new claims challenging the conditions of his confinement, those claims will not be addressed. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The judgment is AFFIRMED.

This court's affirmance of the MJ's dismissal of Washington's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Washington is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.