# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40882

ROGER LIVERMAN; AARON LIVERMAN,

> Plaintiffs - Appellants

v.

DENTON COUNTY, TEXAS, CRIMINAL DISTRICT ATTORNEY; PAUL JOHNSON, individually, "employee" of Denton County, Texas, Denton County Criminal District Attorney; LARA TOMLIN, individually, "employee" of Denton County, Texas, Denton County Criminal District Attorney; RICK DANIEL, individually, "employee" of Denton County, Texas, Denton County Criminal District Attorney; LINDSEY SHEGUIT, individually, "employee" of Denton County, Texas, Denton County Criminal District Attorney; KATHERYN PAYNE HALL,

> Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-801

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40882

Pro se Plaintiffs-Appellants Roger and Aaron Liverman ("the Livermans") filed this § 1983 claim against the Denton County Criminal District Attorney, a group of employees of the Denton County District Attorney Office,[1] (together, the "District Attorney Defendants") and Katheryn Payne Hall, ("Defendant Hall") a relative of the Livermans.[2] The Livermans allege that the District Attorney Defendants failed to "play by the rules," violated the Livermans' Due Process rights, engaged in malicious prosecution, and violated Texas Disciplinary Rules. The Livermans allege that Defendant Hall engaged in malicious prosecution by providing false information to the District Attorney.

The magistrate judge concluded that the Livermans' first claim—whether the District Attorney Defendants had to "play by the rules"—was not legally cognizable.[3] The magistrate judge next determined that the Livermans' § 1983 and malicious prosecution claims were barred by Eleventh Amendment and prosecutorial immunity.[4] The magistrate judge lastly explained that the Livermans' final claim—that the District Attorney Defendants violated the Texas Disciplinary Rules—is based on state law, so the court lacked jurisdiction over that claim. Addressing the § 1983 and malicious prosecution claims against Defendant Hall, the court observed that because Defendant

---

[1] The Livermans filed suit against the following District Attorney employees: District Attorney Paul Johnson and Assistant District Attorneys Lara Tomlin, Rick Daniel, and Lindsey Sheguit.

[2] Defendant Hall is Roger Liverman's daughter and Aaron Liverman's sister.

[3] The magistrate judge also found that the Livermans had failed to properly serve the Defendants but that any attempt to cure this deficiency was futile as the Livermans' claims were barred for other reasons.

[4] *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) ("Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). The court continued to explain that even if Plaintiffs' claims were not barred by these immunity doctrines, they would also be barred by qualified immunity.

2

No. 17-40882

Hall is not a state actor, she cannot be held liable under § 1983. The magistrate judge also held the court did not have subject matter jurisdiction over any state law claims against Defendant Hall.

The district court adopted the magistrate judge's recommendation and dismissed the Livermans' claims. They timely appealed. We affirm.

We review a district court's grant of a motion to dismiss de novo.[5] "We accept all well-pleaded facts as true and view [them] in the light most favorable to the [non-movant].[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "[I]mmunity determinations, like other questions of subject matter jurisdiction," are reviewed de novo.[8]

Having reviewed the briefs, the record, and the district court's opinion, we conclude that the claims against the District Attorney Defendants are barred by Eleventh Amendment and prosecutorial immunity.[9] We also conclude that the Livermans have failed to plead a valid § 1983 claim against Defendant Hall.[10] In addition, because the federal claims against the Defendants are without merit, the district court lacked subject matter jurisdiction over the Livermans' state law claims.[11]

---

[5] *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013).

[6] *Id.*

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 288 (5th Cir. 1999).

[9] *See Esteves v. Brock*, 106 F.3d 674 (5th Cir.), *cert. denied*, 522 U.S. 828 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993).

[10] *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001); *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

[11] *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

No. 17-40882

We are satisfied that the district court was correct in dismissing all of the Livermans' claims. We therefore affirm that court's judgment for essentially the same reasons that it provided in its opinion.

AFFIRMED.